## Russell, et al. v. Meyers, Trustee.

(Decided March 28, 1924.)

### Appeal from Marion Circuit Court.

1. Pleading—Dismissal of Petition Held Error.—In an action seeking personal judgment against defendant and to subject to its payment attached funds held by another as trustee, court erred in dismissing the petition on demurrer by the trustee and guardian ad litem of certain children, in so far as it sought a personal judgment against defendant, who offered no defense or demurrer.

2. Wills—Testatrix's Son Held Not Made Trustee, but Vested with Title Subject to Trust.—A clause, "I will the remaining portion of my estate to my son F. in trust for the benefit of himself and wife and children and to remain in trust until the youngest child shall reach the age of twenty-one years. And I hereby appoint the president of the M. Bank as trustee of my son F., and I hereby give to the said trustee the power to sell and convey any real estate devised to my son F.," held not to make F. a trustee; it appearing that the will was drawn by a physician, and that F. was insane and was confined in an asylum, and F. was vested with absolute title to the property subject only to the trust provisions.

3. Wills—Unnecessary to Expressly Provide that Trustee Manage and Control Property.—A will making a certain person a trustee was sufficient, though it did not in so many words provide that such trustee was to manage and control the property during the trust period, since such is usually the duty of a trustee.

4. Perpetuities—Trust Held Not Invalid.—A trust created by will to exist until youngest child of testatrix's son should reach the age of 21 years did not fail under Ky. Stats., section 2360, forbidding restraints upon alienation for more than 21 years and 10 months beyond the continuance of a life in being.

5. Wills—Trust Did Not Fail Because President of National Bank Named as Trustee.—Testamentary trust did not fail because the president of a national bank was named as trustee, words to the effect that trustee was president of a national bank being simply descriptive of the individual.

6. Trusts—Will Not Fail Because of Failure or Incapacity of Trustee.—A testamentary trust will not fail because of the failure or incapacity of the named trustee to qualify.

7. Wills—Testatrix's Son Held Not Entitled to Possession or Control of Funds Devised.—Under a will of estate to son, property to be held in trust by another named as trustee until the son's youngest child should reach the age of 21 years, held, an estate for years was created during which time the son was not entitled to possession or control of the funds.

8. Trusts—Son Held to have Vested Remainder Interest which could be Sold to Pay Debts, but Income could Not be Reached.—Under a will giving absolute title to property to a son subject

only to a trust for a certain period for the benefit of the son and his family, held, that the son had a vested remainder interest which could be sold to pay his debts, but this was not true as to income from the trust funds; it appearing that the purpose of the testatrix was to set apart the income for the joint benefit of the son and his family as a unit.

O'REAR, FOWLER & WALLACE, S. A. RUSSELL, E. C. O'REAR, JOHN D. CARROLL, JOHN A. POLIN and DAN A. TAYLOR for appellants.

H. S. McELROY and W. H. SPRAGENS for appellees.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming in part and reversing in part.

Foster Ray executed and delivered to appellant, S. A. Russell, his promissory note for $3,000.00. By this action Russell sought a personal judgment against Ray for the amount due on the note, and to subject to its payment attached funds held by appellee Meyers as trustee under the will of Ray's mother, Mrs. Lucy Ray McMillen.

Ray answered, admitting his execution and delivery of the note, that it was a just demand against him, and that it was payable out of the funds in Meyers' hands. By cross-petition he denied Meyers' right as trustee to the possession or control of any of the attached funds, or that any trust with reference thereto was created by his mother's will, and, alleging that same were devised to him absolutely, sought possession thereof.

After Ray's wife and three small children had been made parties defendant, demurrers to the petition and cross-petition filed by Meyers and the guardian *ad litem* of Ray's children were sustained. Plaintiff and Ray having declined to amend, the petition and cross-petition were dismissed, and they have appealed.

That the court erred in dismissing the petition, in so far as it sought a personal judgment against Ray, is apparent, and this evidently was done inadvertently, since Ray neither demurred nor offered defense thereto but expressly confessed his liability for the amount sued for.

The real question in dispute however and raised by the demurrers is, whether Ray's interest in the funds devised by the third clause of his mother's will may be

subjected to the payment of a personal judgment against him. That clause reads:

"3rd. I will the remaining portion of my estate, to my son Foster Ray, in trust, for the benefit of himself and wife and children, and to remain in trust until the youngest child shall reach the age of twenty-one years. And I hereby appoint the president of the Marion National Bank of Lebanon, Ky., as trustee of my son, Foster Ray, and I hereby give to said trustee the power to sell and convey any real estate devised to my son Foster Ray."

As appears of record, the will was drawn by a physician just a few hours before the death of testatrix, and his lack of skill in such matters is apparent. But notwithstanding the inartful and confusing statement of testatrix's meaning by this clause, it is not difficult to understand just what she meant by what she said when same is considered, as it must be, in the light of the attendant circumstances, also disclosed by the record.

Foster Ray was her only child. When the will was executed he had a wife and two small children dependent upon him, but having been adjudged insane, he was confined in an asylum. It is therefore clear that the testatrix did not intend by what she said to make of him a trustee, or to confide to his management or control the property devised to him, but that she did intend to create a trust and nominate a trustee to manage and control the property devised to him "for the benefit of himself and wife and children . . . until the youngest child shall reach the age of twenty-one years."

It is true, she did not say in so many words that the trustee was to manage and control the property during the trust period, but such is usually, if not always, the duty of a trustee, and that she intended to confer such power upon him must of necessity be inferred from the fact she created the trust, declared its purposes and duration, named a trustee therefor and expressly gave him such unusual powers as she desired to confer upon him, that is, to sell and convey the real estate.

Nor do we think there can be any doubt from the language employed that she intended to vest in her son absolute title to the property, subject only to the trust provisions, since it is to be presumed she intended to dispose of her entire estate by her will; and she not only

began this clause by devising all of her property not otherwise disposed of "to my son, Foster Ray," but later in the same clause referred to a portion of it as property "devised to my son Foster Ray."

We therefore conclude the will manifests an intention to vest the residuum of testatrix's estate in Foster Ray, subject only to declared uses until his youngest child shall become 21 years of age.

It also is urged that even so, he takes an absolute fee, since the trust must fail under section 2360, Kentucky Statutes, forbidding restraints upon alienation for more than 21 years and 10 months beyond the continuance of a life in being. But this is not true. The trust continues only until Foster Ray's youngest child becomes 21 years of age, which must of necessity occur during his lifetime or within 21 years and ten months thereafter, no matter how long the birth of his youngest child may be deferred. The trust period therefore can not possibly extend beyond the continuance of the life in being and 21 years and 10 months thereafter. Nor is this a case where the entire fee was devised to Ray and a restraint attempted upon his alienation thereof.

Another contention is that the trust must fail because the president of a national bank is named as trustee, since as such president he is without power to act as a trustee. There are at least two reasons why this contention is unsound. In the first place the words are simply descriptive of the individual testatrix desired appointed trustee, and in the second place a trust will not fail because of the failure or incapacity of the named trustee to qualify.

We therefore conclude that by this clause testatrix carved out of the fee in the property thereby devised, an estate for years, which she devised to the trustee to be administered by him for the joint benefit of Foster Ray, his wife and children; and that she devised the remainder interest therein absolutely to Foster Ray.

It follows that Foster Ray is not entitled to the possession or control of the funds thereby devised during the trust period, and the court did not err in sustaining the demurrers to his cross-petition.

But it also follows from the same conclusion, as well as for the reason already pointed out, that the court erred in sustaining the demurrers to the petition, since it sought to subject to the payment of his debt any inter-

est he had in the trust fund that was liable therefor; and as he had an absolute remainder interest therein, it was a vested interest, and may be sold to pay his debts.

It also is argued for plaintiff that Foster Ray's interest in the income from the trust funds can be subjected to the payment of his debts, upon the theory that his interest therein is severable. To this we are unable to agree, since the evident purpose of the testatrix was to set apart this income, nor for division among the beneficiaries, but for their joint benefit as a family or unit. This is clearly indicated we think by the following facts.

The trust is to continue during the minority (the usual period of dependency) of any possible member thereof; the property, in the language of the will, is devised to Foster Ray, the head of the family, for such period, and the trustee is named for him, clearly to act in his stead (because of his incapacity) in the management and control of the property, for the benefit of the family until the youngest member becomes of age.

In several similar cases, where the intention is expressly stated it is true but not more clearly manifest, we have held the income from property thus set apart is not severable or liable for the debts of one of the beneficiaries. Bank of Taylorsville v. Vandyke, 159 Ky. 201, 166 S. W. 1024; Hackett v. Hackett, 146 Ky. 408, 142 S. W. 673.

Nor do we think that creditors of Foster Ray can, during the trust period, take for his debts to them a possible surplus of income in any year or years beyond what is then required for the support of the family. The children are now small and there are but three of them. There may be more, and the funds are set apart for the benefit of the family until the youngest becomes of age. They will have to be educated, and funds not now required for the support of the family may be needed later, and it would defeat the testatrix's intention, as manifested by her will, to allow any of the income from the trust property to be diverted during the trust period by Foster Ray or his creditors.

For the reasons indicated, the judgment dismissing Foster Ray's cross-petition is affirmed, but the judgment sustaining a demurrer to and dismissing the petition is reversed for proceedings not inconsistent herewith.