**Young, Special Deputy Banking, etc., Com'r, v. Bankers' Trust Co.'s Receiver et al.**

(Decided June 20, 1933.)

**2**

BAILEY P. WOOTTON, Attorney General, OVERTON S. HOGAN, Assistant Attorney General, and HERMAN G. HANDMAKER and MARK BEAUCHAMP for appellants.

BENJ. F. WASHER for appellee Bankers' Trust Co., receiver.

HUGH B. FLEECE for appellee L. C. Kelly.

BOOTH & CONNOR for appellee National Surety Co.

WALTER P. LINCOLN and EDWARD BLOOMFIELD for appellee H. G. Young.

FURLONG & WOODBURY for appellees depositors.

Opinion of the Court by Judge Richardson—Affirming.

The question for consideration on this appeal was presented in another form and determined adversely to the contentions of appellant in Wilson, Banking Commissioner, v. Louisville Trust Company, 242 Ky. 432, 46 S. W. (2d) 767.

The Bankers' Trust Company, a Kentucky corporation, prior to November 20, 1930, was engaged in the general bank and trust company business in the city of Louisvlile, Ky. On November 20, 1930, its board of directors closed its doors, posted the notice required by statute (Ky. Stats., sec. 165a-18), and so informed the banking and securities commissioner of the commonwealth of Kentucky. He appointed Walter F. Jacobs as special deputy banking and securities commissioner, and placed him in charge of the institution to liquidate its business. At the time he assumed charge, the Bankers' Trust Company had issued various bonds, aggregating more than $1,600,000, on which the Bankers' Trust Company was bound as guarantor. These bonds were outstanding in the hands of numerous owners. The bonds so issued by it were all secured by various real estate mortgage deeds of trust executed to the Bankers' Trust Company as trustee. Prior to its closing, the Bankers' Trust Company under the mortgage deeds of trust made collections of both principal and interest of the bonds. The special deputy banking and securities commissioner in charge of the affairs of the Bankers'

Trust Company began, and continued, to make the collections of the principal and interest on the real estate mortgage bonds then outstanding, and in the hands of purchasers. The separate mortgage deeds of trust in existence exceeded 2,000 in number. The bonds secured by each separate mortgage were designated by "series" numbers. The bonds, among other things, provided that the payments on the principal and interest were to be paid to the Bankers' Trust Company as trustee for the owners or holders thereof. L. C. Riley was the owner of certain of these bonds. He instituted this action in the Jefferson circuit court, seeking the appointment of a trustee in the place of the Bankers' Trust Company for the purpose of liquidating the outstanding bonds to the end that the interests of all might be protected according to their respective rights or priorities, without any other conflicting interests.

On the hearing of the application for the appointment of a new trustee, the banking and securities commissioner and Walter Jacobs, the then acting special banking and securities commissioner, interposed their objections. Later numerous holders of bonds representing more than one-half million dollars also made objections to the appointment of a new trustee. The court, on the pleadings and the presentation of the theories of the respective parties, sustained the motion of Riley, entered an order appointing Walter F. Jacobs receiver of "all the real estate mortgage deeds of trust, guaranteed by the Bankers' Trust Company," and directed him forthwith to assume and to discharge the duties recited in the judgment. Later Wilson, the banking and securities commissioner, went out of office, when James R. Dorman was appointed and qualified as his successor. Gates F. Young was appointed special deputy banking and securities commissioner and placed in charge of the liquidation of the Bankers' Trust Company. Dorman, as banking and securities commissioner, and Young as special deputy banking and securities commissioner in charge of liquidation, entered a motion to set aside the appointment of Walter F. Jacobs, receiver. This motion was overruled, and this appeal is prosecuted from the original order appointing him and from the order overruling the motion to set aside the same order. The banking and securities commissioner and his deputy in charge of the liquidation of the Bankers' Trust Company are here insisting that section 616, Ky. Statutes,

prescribes the only condition upon which a receiver may be appointed by the circuit court of an insolvent bank or corporation and that the appointment of Jacobs as receiver was and is not within the purview of this section. To sustain this insistence, American Southern National Bank v. Smith, 170 Ky. 512, 186 S. W. 482, Ann. Cas. 1918B, 959; Commonwealth v. International Harvester Co., 131 Ky. 551, 115 S. W. 703, 133 Am. St. Rep. 256; Cartmell v. Commercial Bank & Trust Co., 153 Ky. 798, 156 S. W. 1048, and cases of like import from other jurisdictions are cited. Section 580, Ky. Statutes, directs the secretary of state with the advice and consent of the Attorney General to take steps to wind up the business of a bank or other corporation, when the conditions exist as set out therein. Sections 616 and 580 are a part of the same act. And section 616 sets out the conditions under which the secretary of state may cause a receiver to be appointed of a corporation, including a bank. Section 165a-16, Ky. Statutes, authorizes the banking and securities commissioner to apply to the court, or to the judge thereof, when the court is not in session, for the appointment of a receiver of such bank, if the conditions exist as set out in it. We are not required in a consideration of the present case to construe and reconcile sections 616 and 165a-16. Section 165a-18 applies where the directors of a bank or bank and trust company close it, post notice, and notify the banking and securities commissioner, and he assumes charge thereof. The commissioner from that time, by the express provisions of section 165a-17, subject to the supervision of the courts, is the trustee, assignee, or receiver thereof, and whether he be regarded as one or the other (Ex parte Smith, Banking Commissioner, 160 Ky. 83, 169 S. W. 582), the procedure prescribed by sections 165a-1 to 165a-22, and as amended by the Act of 1932 (chapter 17), is exclusive. Com. ex rel. Denny, Banking Commissioner, v. Hargis Bank & Trust Co., 233 Ky. 801, 26 S. W. (2d) 1045; Wilson, Banking Commissioner, v. Louisville Trust Co., supra.

The Bankers' Trust Company by its articles of incorporation was authorized and actually engaged in the business of a combined bank and trust company, which is authorized and permitted by sections 577, 603, and 612a, Ky. Statutes. It was also engaged in the business of a trustee, as authorized by section 598b-4, of the $1,-600,000 bonds outstanding in the hands of the owners

and upon which it was guarantor at the time it closed its doors, posted notice, and was placed in the hands of the banking and securities commissioner. Its duties and obligations as such trustee are severable and distinct from those of a bank or combined bank and trust company. The case of Wilson v. Louisville Title Company, 244 Ky. 683, 51 S. W. (2d) 971, while it involved different sections of the statute, is illustrative of the severality of its duties and rights as trustee, and those as a bank or bank and trust company.

Sections 165a-1 to 165a-22 do not confer or vest in either the banking and securities commissioner, or his deputy, the authority or right to act as trustee in the place of the Bankers' Trust Company under the mortgage deeds of trust executed to it as trustee. When it became insolvent and ceased to function as a bank and trust company, the office of trustee, ipso facto, became vacant.

Section 598b-4, which confers on a bank or combined bank and trust company the power to act as trustee, also confers on it the authority to act as executor, administrator, guardian, receiver, assignee, committee or curator, or in any other capacity in which the duties, powers, liabilities, and rights are fixed or regulated by law, and in which an individual may act in any of these capacities. Suppose the Bankers' Trust Company, at the time it closed its doors and went into liquidation, was acting in any one or more of these several capacities named in the statute, for different estates, individuals, or corporations; it could not be insisted, upon any authority, or with reason, that on its ceasing to function as a corporation, or after it was placed in the hands of the banking and securities commissioner under section 165a-1 et seq., that the duties of such offices, or any of them, would devolve upon the banking and securities commissioner.

An exemplification is the case of the death of a personal representative, his administrator or executor only retains the possession of the first estate until a successor is appointed (Boyd v. Immegart's Ex'r, 91 S. W. 1132, 29 Ky. Law Rep. 20; Enlow's Adm'r v. Bethel College, 67 S. W. 989, 24 Ky. Law Rep. 31), or where a trustee or assignee for the benefit of the grantor's creditors, dies, the title passes, not to his administrator, but to his successor. Sears v. Hull, 147 Ky. 745, 145 S. W. 760.

6

The duty and power of the banking and securities commissioner are creatures of the statutes. There is no statute conferring upon him, or a liquidating agent, the power to act as trustee in the place of the bank or bank and trust company, placed by the statute in his hands for liquidation. Wilson, Banking Commissioner, v. Louisville Trust Co., supra. His bond as such is not inteded to, and does not, cover his duties or obligations as trustee. Enlow's Adm'r v. Bethel College, supra.

A mere statement of the amount of the mortgage bonds and the number of holders thereof is sufficient to show that the duties of the trustee relative thereto were not passive, but active, and that a trustee should be appointed for the purpose of discharging the duties and obligations of the trustee. Enlow's Adm'r v. Trustees of Bethel College, supra; Warfield v. Brand's Adm'r, 76 Ky. (13 Bush) 77; Allen v. Kennedy, 8 S. W. 882, 10 Ky. Law Rep. 336.

The rule that equity never allows a trust to fail for want of a trustee admits of no exception, and if a trust is once created, the incompetency, disability, or death of the trustee will not defeat it. Harris v. Rucker, 13 B. Mon. 564; Green's Adm'rs v. Fidelity Trust Co., 134 Ky. 311, 120 S. W. 283, 20 Ann. Cas. 861; Russell v. Meyers, Trustee, 202 Ky. 593, 260 S. W. 377. The appointment of a trustee where the office is vacant and the administration of the trust is needed, are well recognized grounds of equity jurisdiction, and to this end a court of equity will appoint a trustee and direct him to do those things which are necessary for the execution and proper preservation of the trust, Headley v. Headley, 226 Ky. 483, 11 S. W. (2d) 123, Williamson v. Suydam, 6 Wall. 623, 18 L. Ed. 967, and where application is made for the appointment of a trustee for the purpose of carrying out a trust, it is the duty of the court to select some competent person and by proper orders direct him to do so, Haggin v. Straus, Trustee, 148 Ky. 140, 146 S. W. 391, 50 L. R. A. (N. S.) 642. It is not argued that no grounds were manifested authorizing the appointment or that Jacobs was an improper person to fill the office. The sole argument is that the duties assigned to Jacobs by the orders of the court are encompassed by sections 165a-1 to 165a-22, Ky. Statutes, and that section 616 is controlling and deprives the court of the power to ap-

point a receiver or trustee. In this construction thereof we do not agree.

Judgment is affirmed.