## Porter et al. v. Bankers' Trust Co.'s Trustee et al.

(Decided Oct. 5, 1934.)

IRVING WALKER for appellants.

BEN F. WASHER for appellees.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

On November 20, 1930, the directors of the Bankers' Trust Company of Louisville, Ky., placed its affairs in the hands of the banking and security commissioner for the commonwealth of Kentucky, and he appointed Walter F. Jacobs, special deputy commissioner for the purpose of liquidating its assets. Prior thereto the trust company was made trustee in more than 2,000 real estate mortgages executed to secure bonds which the mortgagors simultaneously executed, and the aggregated indebtedness so secured, and for which the trust company was made trustee, was something near $1,600,000 for the payment of which it was obligated as guarantor of the bonds.

While matters were in that condition, one L. C. Riley, the owner of some of the bonds so secured and guaranteed, and for which the trust company was trustee in the mortgage to secure them, instituted an action in the Jefferson circuit court for the appointment of a amount supra, in lieu of the trust company. That retrustee in the various mortgages executed to secure the lief was resisted by the then banking commissioner and his deputy, and also by the holders of various bonds for which the trust company was trustee in the mortgages executed to secure them, aggregating more than $500,-000. The court, however, granted the relief and appointed Jacobs receiver trustee of "all the real estate mortgage deeds of trust guaranteed by the Bankers Trust Company." Later there was a change in the personnel of the state banking commissioner, and the succeeding one appointed Gates F. Young as special banking commissioner and placed him in charge of the liquidation of the affairs of the trust company, and he appeared and moved the court to set aside the appointment of Jacobs theretofore made, as trustee of the real estate mortgages held by the trust company and to permit him as deputy banking commissioner to act as such; he then having in charge the liquidating of the individual and personal estate of the trust company. His motion was overruled, and his appeal to this court resulted in an affirmance of that judgment in an opinion reported in the case of Young, Special Deputy Banking Commissioner, v. Bankers' Trust Co.'s Receiver, 250 Ky. 1, 61 S. W. (2d) 904.

After that affirmance the Riley Case remained on the docket of the trial court, and on June 21, 1934, the appellant Elsie Porter and three others filed their intervening petition therein in which they prayed the judgment of the court discharging Jacobs as receiver trustee of the mortgages for whom the trust company was made trustee, and to appoint the Fidelity & Columbia Trust Company successor trustee under the mortgage securing the bonds held by appellants and interveners, their bonds in the aggregate amounting to $6,000 and secured by a mortgage of the Louisville Realty Company to the trust company as trustee and which it had guaranteed. They rested their right to the relief sought under section 11 of the trust mortgage that the mortgagor had executed to the trust company at the time it borrowed the money and executed appellants' bonds. That section says: "Should the Trustee decline or fail to execute this trust and if payment of the bond is guaranteed, the guarantor or guarantors of the bonds, or if payment of the bond is not guaranteed, the holder or holders of the bonds, hereby secured, may appoint another trustee in place of the Trustee herein named without the consent of the grantor and the trustee (so named) and appointed shall serve in all respects with the same powers and upon the same conditions and terms as contained in this indenture, said appointment to be in writing, duly acknowledged and recorded in the same office in which this instrument is recorded." The court on the hearing of their motion, made pursaunt to the prayer of their intervening petition, overruled it, from which order they prosecute this appeal.

It is doubtful if enough of the record has been brought here to acquaint us with the facts with reference to the orders and adjudications of the court made prior to the filing of the intervening petition of appellants; but which information we have, at least partially, gained from the record in the Young Case, supra. From it we learn that the trial court concluded that it was proper to appoint a receiver trustee for the administration of the property that the trust company held in its fiduciary capacity and for him to serve as trustee for bondholders and the trust duties to be wound up separately from the insolvent's personal estate of which the banking commissioner and his deputy had charge. That conclusion was made the judgment of the court after resistance by the then banking commissioner and his

deputy, as well as by bondholders to the amount of $500,000. That judgment was affirmed, and it would possibly create a judicial estoppel against appellants and interveners, provided they were substitutionally represented by the objecting bondholders in the action for the relief sought by Riley. See Jennings v. Fidelity & Columbia Trust Co., 240 Ky. 24, 41 S. W. (2d) 537. But inasmuch as appellants urge no other ground for the relief they sought than the provisions of section 11, supra, contained in the trustee's mortgage, we will confine our discussion to that question.

It will be noticed that it is therein provided that a holder of a bond secured by such a mortgage may appoint a trustee in lieu of the one named therein only when the bond "is not guaranteed." In this case the trustee in the mortgage did guarantee appellants' bonds, and neither it, nor any one representing its estate, is asking for the appointment of a substitute trustee. The language is plain and unambiguous, and we interpret it to mean what it says; i. e., that, if the bonds are guaranteed, then upon the failures of the trustee therein named the guarantor may ask for a new trustee, but, if there is no guarantor, then the bondholder may do so. However, it is quite possible that insolvency of the trustee, followed by judicial proceedings for the winding up of its affairs, personal and fiducial, was not contemplated by the section of the mortgage relied on, or that it intended to provide for any such situation. But, however that may be, we are convinced that, if any rights exist under it at this stage of the affairs of the trustee, the latter's representative, the banking commissioner and his deputy in this case, should proceed to obtain it, provided they are not now estopped under the Young opinion from doing so.

It is scarcely necessary for us to state (though it is true) that, if interveners could obtain the relief they ask, then each holder of any bond executed and secured by any of the more than 2,000 mortgages could likewise do so, and the equity tribunal now having charge of the insolvents' affairs, fiducial as well as personal, would have to surrender its jurisdiction to the great multiplicity of trustees that each bondholder might designate, and which would create limitless confusion, most probable delay, and possibly increased cost. Such a right should not be declared in the present situation (Jen-

nings Case, supra) except upon the clearest ground. Appellants urge no defalcation of Jacob's management of the trust estate, nor any legal objection why he should not continue to so act, except the claimed right emanating from section 11, supra, of the mortgage deed securing their bonds. We do not construe it as sustaining their right to the relief they seek, even if the appointment of their designated trustee had been made as directed in that section, i. e., in writing duly acknowledged and recorded in the office of the Jefferson county court clerk where the mortgage was recorded. We have been unable to find in the record where appellants followed such requirements before filing their intervening petition, or at any time thereafter.

For the reasons stated, the judgment is affirmed.

The whole court sitting.