## Shawler, et al. v. Hart's Administratrix, et al.

(Decided October. 17, 1924.)

### Appeal from Hardin Circuit Court.

1. Wills—Construction Based Solely Upon Relative Position of Clauses Not Adopted where Inconsistent with Testator's Evident Purpose.—Construction based solely upon relative position of clauses ought not to be adopted, if language employed is reasonably susceptible of another construction, more consonant with testator's evident purpose.

2. Wills—Instrument Held to Make One Trustee, and Not to Give Him Life Estate.—Codicil leaving land to one "for the sole use and benefit of his wife and his children born and to be born," and providing that he should "not be held accountable therefor by any of the beneficiaries," held to create trust estate and not to give him life estate, and trustee's only interest was home on farm and support out of rents, for which he was not required to account.

3. Trusts—Trustee, Entitled to Support Out of Rents, Held Not to have Interest Subject to His Debts.—One to whom farm was left in trust for benefit of his wife and children, and who was entitled to home and support on farm out of rents, for which he was not required to account to beneficiaries, held not to have severable right or interest in rents that creditors could subject to payment of his debts.

J. E. WISE for appellants.

L. A. FAUREST and H. L. JAMES for appellees.

OPINION OF THE COURT BY JUDGE CLARKE—Reversing upon the direct appeal and affirming upon the cross-appeal.

By the third and seventh clauses of his will, C. L. Shawler devised to his son, W. A. Shawler, a life estate in 600 acres of land and $1,500.00 in cash. Later he executed a codicil, which reads:

"I hereby revoke and cancel all the devises made to my son W. A. Shawler in the third and

seventh clauses of my will, and in lieu thereof I will, devise and bequeath all the property, interest and estate therein devised to him and which he would have taken under said third and seventh clauses to my said son W. A. Shawler during his natural life in trust for the sole use and benefit of his wife and all his children born and to be born, same to be held, used and managed and controlled by the said son during his life for the support and maintenance of his family but only the rents, profits and issues of the property herein devised is to be used, and his children after becoming twenty-one years of age shall be entitled to demand and receive only such part of the said rents, profits and issues as my said son as trustee may in his discretion pay to or expend for the benefit of such child over twenty-one years of age, and for his services in managing said property, and in administering said trust he shall have a home on the farm devised and a support and maintain out of the rents, issues and profits of said trust estate, and shall not be held accountable therefor by any of the beneficiaries.''

By these consolidated actions, several execution creditors of W. A. Shawler seek to subject his interest in this land, which they claim is a life estate, to the payment of their judgments. The chancellor denied their claim that he owned a life estate in the land, but adjudged that he is entitled to a home on the farm and to support and maintenance out of the rents, issues, and profits arising therefrom; that like rights of his wife and children therein are secondary, and that the rents, issues and profits not consumed in the support of Shawler's wife and children are liable for his debts. He accordingly adjudged plaintiffs a lien upon Shawler's part thereof, and ordered the commissioner to rent the land and to hear proof and report separately the amounts reasonably necessary for his support and for the support of his wife and for each of his children during infancy.

The defendant Shawler, his wife, and his children have appealed from all the judgment except so much as denies to Shawler a life estate in the land, and from that portion of it the plaintiffs have prosecuted a cross-appeal.

Unquestionably the testator did not intend by the codicil to give his son a life estate in the land, since he made the codicil for the express purpose of revoking

such a provision in his will. Clearly, then, the codicil should not be so construed, unless perhaps if such is plainly the legal effect of what the testator actually said.

There would be no difficulty is ascertaining just what the testator meant by what he said, *supra,* if it were not for the closing phrase, "and shall not be held accountable *therefor* by any of the beneficiaries."

Plaintiffs claim that the "therefor" refers to the rents, issues and profits of said trust estate immediately preceding the closing phrase, *supra.* But if this be true, as grammatically it might but need not be, the entire codicil is a nullity, because it gives the trustee absolute dominion over and control of the trust estate, and takes away from the *cestuis que trust* every enforceable right enumerated therein. That such was not the testator's purpose is made manifest not only by the fact that he made the codicil, but by its every provision as well.

And obviously that contention, which is based solely upon the relative position of clauses, ought not to be adopted if the language employed is reasonably susceptible of another construction more consonant with the testator's evident purpose not to give his son a life estate but to create a trust "for the sole use and benefit of his wife and of his children, born and to be born," as the testator himself expressed his purpose.

It is at least about as reasonable to assume from the grammatical construction alone that the "therefor" *supra,* refers to the support given to the trustee in the same preceding clause out of the rents, etc., as that it refers simply to the rents, and if it does, then the phrase copied above not only does not destroy the entire codicil but is entirely consistent with its every part and the whole sentence, and the entire codicil becomes consistent with the testator's evident purpose to vest every beneficial interest in the trust estate in the named beneficiaries rather than in the named trustee.

We are therefore clearly of the opinion that the codicil is not reasonably susceptible of any other construction. And so construed, the only interest W. A. Shawler has in the trust estate is what is allowed him for his services as trustee, which is a home on the farm and a support out of the rents, and for which he is not required to account to any of the beneficiaries.

Clearly then his rights in the trust estate are not only not primary and superior to those of the *cestuis que trust,* and are simply the right to act as trustee and to receive

as compensation for his services as such a home on the farm and support out of the rents, issues, and profits set apart primarily for the benefit of his wife and children. He cannot, therefore, be entitled to any accumulations of rents, issues and profits, nor to any separable part of such portion thereof as is needed for the support of his wife and children, but as trustee he can hold, manage and control the farm and share in the rents set apart primarily, if not exclusively, for the support of his family, without accounting for his share therein to any of the beneficiaries.

That this is not a severable right or interest in the rents, issues and profits that his creditors may subject to the payment of his debts seems to us entirely too clear to admit of argument. See Russell v. Meyers, Trustee, 202 Ky. 593, 260 S. W. 377. As a matter of fact plaintiffs' whole argument is based upon the assumption that the "therefor" that we have been discussing refers to rents, and not to the support given Shawler out of the rents, which is, we think, clearly untenable for the reasons assigned.

Wherefore the judgment is reversed upon the direct appeal and affirmed upon the cross-appeal, and the causes remanded for judgment in accordance herewith.