## Harned v. Dorman, Banking Commissioner.

(Decided Jan. 9, 1934.)

238

VICTOR L. KELLEY and E. N. FULTON for appellant.

A. E. FUNK, Jr., and C. P. BRADBURY for appellee.

OPINION OF THE COURT BY JUDGE RATLIFF—Reversing.

Ruth Shawler Harned died in October, 1931, leaving her will, which was duly probated and by the terms of which she devised to her son, Elzy T. Harned, appellant herein, about 370 acres of land in Nelson county, Ky. The third clause of the will, the only part in question herein, reads as follows:

"I give and devise to my son Elzy Harned the following described land which he is to hold in trust for his children, The James Daugherty place containing about 93 acres also the Jack Waters land containing about 247 acres minus a small tract conveyed to Elzy by his Father's Will, also about 30 acres included in my boundary and known as the Lovelace land. This land was all devised to me by my husband, L. L. Harned. My son Elzy is renting this land from me and cultivating it at the present time. My son Elzy is to hold this land during his natural life for the sole use of his wife and children. Same is to be held used and controlled by my son during his life for the support and maintenance of his family. Only the rents, profits and issues of the property herein described is to be so used. His children after becoming 21 years of age shall be entitled to demand and receive only such part of the said rents, profits and issues as my son as trustee may in his discretion pay or expend for the benefit of such child over 21 years of age. For his services in managing said land and administering said trust he is to receive the rents, issues and profits of said estate and shall not be held accountable therefor by any of the beneficiaries. Should any of his children die during infancy without issue living then his or her share in

this devise is to pass to the remaining children of my said son.

"At the death of my son Elzy said trust shall cease and said land pass to his children living and to the heirs of any that may be dead.

"For this land held in trust by my son Elzy he is to be charged $900.00 in the distribution of my estate. My son Elzy is not to be charged with any notes he may have made to his father during his lifetime but is to be charged in the distribution of my estate with any notes he may have made to me, after his father's death. He is not to be charged with any past rent."

The sole question to be determined in this appeal is whether or not the will above quoted vested the appellant with the life estate in the lands devised, or whether it created a trust for the use and benefit of appellant's wife and children.

It is insisted for appellee that the will created a life estate in the land devised, and it instituted this suit seeking to subject the alleged life estate to the payment of a judgment which it held against appellant. Upon a trial of the case in the lower court the chancellor held that by the terms of the will appellant was vested with the life estate with the remainder to his children and adjudged that the life estate be subjected to the payment of appellee's judgment. From that judgment this appeal is prosecuted.

In support of appellee's position that the will vested the appellant with the life estate, it is argued that the sentence in the will which reads, "For his services in managing said land and in administering said trust, he is to receive the rents, issues and profits of said trust estate and shall not be held accountable therefor by any of the beneficiaries," takes away all of the trust which the will might apparently attempt to create and leaves no cestui que trust or other beneficiaries, and cites and relies on as authority the case of Sandford's Adm'r v. Sandford, 230 Ky. 429, 20 S. W. (2d) 83, and argues that under authority of the case, supra, that there are no beneficiaries to whom any benefits are to be bestowed upon by the terms of the will in the instant case, for reason that the will devised to appellant all the issues, rents, and profits of the estate, instead of bestowing same upon a person or persons designated

as beneficiaries or cestui que trust. In this contention we are unable to agree. The first sentence of the will relating to appellant reads: "I give and devise to my son Elzy T. Harned the following described land *which he is to hold in trust for his children."* (Italics ours.) The description and location of the land is followed by this sentence: "My son Elzy is to hold this land during his natural life for the sole use of his wife and children, same to be held, used and controlled by my said son during his life for the support and maintenance of his family." It will be noticed that the expression in the above-quoted sentence, "to hold this land during his natural life," is qualified by the further phrase "for the sole use and benefit of his wife and children," and the closing part of the sentence, by the phrase, "for the support and maintenance of his family." It is reasonably clear from the language used that it was the intention of the testatrix to provide for the support and maintenance of appellant's wife and children and they are, primarily, the beneficiaries of the income derived from the property. However, it is further stated in the will that as compensation for the management of the estate and administering the trust, appellant is to receive the rents, issues, and profits of the trust estate and shall not be held accountable therefor by any of the beneficiaries. The above sentence constitutes the bone of contention herein. Taking this provision standing alone might be sufficient to support appellee in its contention that appellant was made the sole beneficiary of the income derived from the estate, and if this be true there would be no cestui que trust. But the guiding rule for the construction of wills is to ascertain from the instrument as a whole, the intention of the testator. It must be conceded, however, that the will is somewhat inaptly drawn, and taking separate sentences or parts standing alone, there are apparent conflicts, but taking the instrument as a whole it is reasonably certain that it creats a trust for the use and benefit of appellant's family. The fact that appellant is to collect and use the income and share with the family in the uses and benefits of the same without being held accountable therefor does not destroy the trust. When there are apparently inconsistent provisions of a will or inconsistent sentences of a clause of a will, the courts will so construe them as to give effect to all sentences, if reasonably possible so as to effectuate the

intention of the testator. Cecil et al. v. Cecil et al., 161 Ky. 419, 170 S. W. 973, 974. The first sentence of the will expressly creates a trust, and the general trend of it throughout indicates that it was the intention of the testatrix to create a trust, and the references and language of the will relating to the use appellant may make of the income derived from the property are not sufficient to destroy the plain and positive language of the testatrix as used in the first sentence of the will. In the Cecil Case, supra, the will first expressly created a life estate, followed by the words "and to her heirs and assigns forever." In disposing with the apparent conflict this court said:

"Clearly the life estate was expressly created and if the succeeding words 'and to her heirs and assigns forever' are to be given their technical meaning and held to have created an estate in fee, then manifestly there is irreconcilable conflict between the two provisions which cannot be harmonized."

The case of Shawler v. Hart's Adm'x, 205 Ky. 93, 265 S. W. 485, 486, involved the construction of a codicil to the will in which the same language is used relating to the devisee's rights to collect and use the issues, rents, and profits of the property, as is used in the instant case. It was held by this court in the case, supra, that the phrase "and shall not be held accountable *therefor* by any of the beneficiaries," refers to the *support* given the trustee out of the rents, etc., and by adopting this construction it would be entirely consistent with the whole sentence and consistent with the testator's evident purpose to vest every beneficial interest in the trust estate in the named beneficiaries, rather than in the named trustee. It was further held in the same case that the only interest the devisee had in the trust estate was what was allowed him for his services as trustee which is a home on the farm and a support out of the rents and income derived from the estate, for which he was not required to account to any of the beneficiaries.

It is our conclusion that the appellant's rights in the trust estate are not superior to those of he cestui que trust, but are secondary thereto, and his rights go no farther than to act as trustee and receive, as compensation for his services, a home on the farm and support out of the rents, issues, and profits, set apart primarily for the benefit of his wife and children but in

which he may share as a member of the family. It follows, therefore, that he is not entitled to any accumulation of rents, issues, and profits or any separable part thereof, and if there be a surplus, same should be held in trust by him for the benefit of the cestui que trust. He has no severable right or interest in the rents, issues, and profits that his creditors may subject to the payment of his debts.

Wherefore the judgment is reversed, and the cause remanded for judgment in accordance with this opinion.