*Morehead & Reed* for appellant.

---

WILL CASE.

# W. & A. Beall *vs* Cunningham *et al.*

### ERROR TO THE WASHINGTON CIRCUIT.

*Case* 107.

### *Wills.    Codicils.*

*May 4.*

CHIEF JUSTICE EWING delivered the opinion of the Court.

AFTER the decision of this Court, reversing the order of the County Court of Washington, admitting to record, as the last will and testament of Richard Beall, deceased, a paper bearing date in 1825, and wholly written by himself, (1 *Ben. Monroe,* 399,) Cunningham and wife and others, claiming as devisees, exhibited to the County Court, for probate, a paper bearing date in 1827, with a codicil thereto attached, bearing date in 1832, and moved the Court to admit the same to record, as a sub-

The facts appearing in the case.

stantial copy of the last will and codicil of the decedent. The paper proposed to be recorded, after devising all his estate to his wife, for her life, who was then living but who has since died, directed all his estate to be sold, except a negro girl, which he bequethed to his daughter, Mrs. Scheahan, and directed ten dollars to be paid to his son William, whom he says he had before advanced, and the residue to be divided into four equal parts, one part to go to Mrs. Scheahan, if living, if not, to her heirs; one part to his daughter, Mrs. Cunningham, if living, if not, to her heirs; one part to his daughter Susan Beauchamp, if living, if not, to her heirs; and one part to be equally divided between his son, Andrew Beall, his grand children, Elizabeth Wright's heirs, and his grand son, Lewis Abel, and appointed his wife and Robert Cunningham, executrix and executor of the will. The copy of the codicil attached, is in the following words:

"I, Richard Beall, do make the following codicil to my last will and testament. I devise to James Abel, two dollars, which is to be all of my estate that he is to get. All the property that I gave in the *within will* to Susan Beauchamp, I give to her and her heirs forever. I also give to said Susan Beauchamp and her heirs forever, all the part of my estate, that in the within will I gave to Lewis Abel, as witness my hand and seal this 31st of March, 1832.                          RICHARD BEALL, (*Seal.*)
*Attest,*
      *S. T. Offutt,*
      *Peter Brown,*
      *Walter Hamilton.*"

The motion to record was opposed by Wm. Beall and Andrew Beall, who exhibited for record, a paper purporting to be the last will and testament of the decedent, bearing date in 1811, by which they were liberally provided for. On the hearing the County Court sustained and ordered to record, the aforesaid copies, as substantial copies of the last will and codicil of the decedent, and rejected the paper bearing date in 1811. From this order the case was taken to the Circuit Court, where the judgment of the County Court was affirmed, and an appeal taken from this affirmance to this Court.

We have examined the evidence in this record, and deeming it a useless consumption of time and labor to comment upon its details, would remark, that we are perfectly satisfied, from the proofs in the cause, that the decedent procured the original, of which the paper exhibited is a true copy, to be drafted in 1827, intending it for his will; that it was dictated by him, taken home from his daughter's, at whose house it was drafted, and carefully preserved, and always, to the day of his death, treated as his will, by himself and by different members of his family, and contained precisely that disposition of his estate which he intended to make, and repeatedly declared he had made by his will. But at the time it was drafted he had his arm broken, and did not sign it or have it attested as his will, but took it home with him, saying he intended to sign it and have it attested: but whether it was ever signed or attested, does not certainly appear. That in 1832 he procured a codicil to be written on the same paper, calling and treating the paper as his will, containing substantially the provisions of the copy exhibited; that this codicil was signed by him, and attested by two or three witnesses, and the paper, with the codicil, carefully replaced in the till of his chest, where he kept his valuable papers; that he died under the full conviction that the paper and codicil were secure in the place where he had put them, and there is not the slightest evidence that he ever intimated any dissatisfaction with the will, or with any one of the devises in it, or that he intended to alter or change it in any respect, or to cancel or destroy it, or die without a will: but on the contrary, had given the key of his chest to his son-in-law, Cunningham, whom he had appointed his executor, and in whom he had great confidence, as the means of securing the will in his last illness, and Cunningham was deeply interested in its preservation; and there is evidence tending to show that the paper on which they were written, was purloined from his chest a few days before his death, and when he was alone and confined to his bed, and in the absence of Cunningham, by one interested in its destruction. Be this as it may, the paper was not found in the place where it was kept, upon search made for it by his executor and

others, immediately after his death.   Our clear deduction from the facts proven is, that the will was not cancelled by the testator.

Waiving the question whether we should not, under the proofs in this case, infer the due execution of the original paper, as the last will and testament of the decedent, the question arises whether, if it were never signed, attested, and published as such, the due execution, attestation, and publication of the codicil attached, is not a recognition and publication, or republication of the original paper as the last will of the decedent, with all the forms and solemnities required by our statute?

A codicil is a part of the will to which it is attached or refers, and both must be taken and construed together as one instrument.   The codicil recognizes the existence of the original, changing it in part and affirming it in those parts in which it is not altered; and hence it has been well established that a codicil, executed with the solemnities required by the statute for passing lands, is a republication of a will, and both taken together make but one will, and that such re-publication will have the effect to pass lands acquired after the date of the will, but before the date of the codicil, or to revive and give force and operation to a revoked will: (1 *Roberts on Wills*, 351; *Powell on Devises*, 610–620; *Law Lib.* 362; 1 *Williams on Executors*, 103; 3 *Harrison's Digest*, 2186, *title, Wills*, and the cases referred to in these elementary treatises.)

A codicil is a part of the will to which it is attached or refers, and both must be taken and construed together, as one instrument, and when executed with the necessary solemnities of a will to pass lands is a republication of the will, and will pass lands acquired after the date of the will, but before the date of the codicil.

The counsel for the appellants, conceding this as settled, yet contend, that though a codicil, duly executed, may operate as a *republication* of a *revoked will*, which has been duly executed as such, yet it cannot have the effect to bring into operation, as a will, a paper which has never been signed or executed as a will.   We can see no difference in principle in the cases.   If a codicil so attaches itself to, and forms a part of a revoked will, as to revive and give force and effect to it as such, we cannot perceive why it may not be so attached to and ingrafted upon any other paper which the testator may choose to treat as his will, as to give force and operation to it as his will.   In either case it is a question of intention.   If the testator, by the alteration of parts of his will, by a codicil, may

A codicil duly executed and attached or referring to a paper, which before never was duly signed and published and attested as a will, will have the effect of giving operation to the whole as one will.

be construed to *intend* to recognize the *parts* unaltered, and the *whole*, subject to the alteration, *as his will*, why may he not, by referring to an unsigned and unattested paper as *his will*, and treating it as such, be construed to adopt the *parts unaltered*, and the *whole*, thus *altered*, as his last will and testament? If the codicil can so ingraft itself upon, and draw within its operative influence, a revoked will, as to amount to a republication, we cannot perceive why it may not ingraft itself upon, and draw within its operative influence, any instrument which the testator may treat as his will, so as to amount to a publication of the whole as his will? The reason that would sustain the republication in the one case, would equally sustain the publication in the other, and each rests upon the recognized intention of the testator, plainly implied from the execution of the codicil, referring to the paper as his will.

But this principle is not left to reason alone for its support. In the case of *Carleton on the demise of Griffin* vs *Griffin*, (*Burrows' Reports*,) several awkwardly drawn devises and bequests were written and signed, but unattested, to which afterwards a *memorandum* was added on the same sheet of paper, which the testator subscribed and declared to be his will, and it was attested in his presence by the competent number of witnesses—this was held to be a good will of the devisor's *real* and personal estate.

In the case of *De Bath* vs *Fingle*, (16 *Ves. Jun.* 167,) it is determined that the appointment of a guardian by an *unattested* will is made good by a codicil with three witnesses, referring to the will annexed, making some alterations as to legacies, and confirming it in other respects. It was also held that a devise of lands might be made good by a codicil in a similar manner.

In the case of *Doe demise of Williams* vs *Evans*, 1 *C. and M.* 42, (3 *Harrison's Digest*, 2186,) it was held that a codicil, duly executed and attested, referring to an unexecuted will on the same paper, gave effect to the will, and it thereby became a good will of lands.

In the case of *Williamson* vs *Adam*, (1 *Ves. and B.* 445,) it was held that an *unattested paper*, referred to in

a devise of real estate, was considered a part of the will, if made previously, but not so if made subsequently.

These authorities clearly affirm the position which we have assumed, and settle the controversy in favor of the will in question.

Judgment of the Circuit Court affirmed with costs.

*Morehead & Reed and M'Henry* for appellants: *Owsley & Goodloe and Shuck* for appellees.