CASE 60.—PROCEEDINGS BY THE FIDELITY TRUST CO., EXECUTOR, TO PROBATE THE WILL OF S. W. KASEY, DECEASED.—January 27.

## Kasey v. Fidelity Trusr Co.

Appeal from Hardin Circuit Court.

JOHN ALLEN DEAN, Special Judge.

From a judgment dismissing the appeal of Emma F. Kasey, contestant, she appeals—Affirmed.

1. Wills—Probate—Appeal From Order Probating or Refusing to Probate—Scope of Review.—Upon appeal from an order probating or refusing to probate a writing purporting to be a will, the only question that can be adjudicated is whether or not the writing is decedent's will, and the question whether a trust provided for therein is valid or invalid cannot be considered.

2. Wills—Rights of Devisees—Estoppel by Acceptance of Devise.—Where a devisee executed a writing recognizing the validity of the will, took possession of the property devised to her, and received monthly an amount directed to be paid to her by the will, she could not, without offering to return what she had received, assail the validity of the will.

S. M. PAYTON, HAZELRIGG CHENAULT & HAZELRIGG, CHARLES CARROLL, LAYMAN & HOLBERT and McQUOWN & BECKHAM for appellant.

L. A. FAUREST and SPAULDING & STILES for appellee.

OPINION OF THE COURT BY JUDGE BARKER—Affirming.

S. W. Kasey died, testate, at his residence in Hardin county, Ky. His will was admitted to probate by an order of the Hardin county court. From that order the appellant, Emma F. Kasey, who was the niece and the only heir at law of the decedent, appealed to the Hardin circuit court. The statement made by appellant sets forth that the appeal from the order of probate was based upon the want of mental capacity on the part of the deceased, undue influence in the making of the will, and the illegality of the will itself. After the case reached the circuit court, the executor of the will, the Fidelity Trust Company, filed an answer in two paragraphs. By the first it denied any mental incapacity on the part of the decedent, or any undue influence exercised over him, or that the will itself was illegal. By the second paragraph it alleged, affirmatively: That the heir at law, Emma F. Kasey, had recognized the will as valid after the death of her uncle, and expressly directed the executor to carry out all of its provisions and to pay all legacies contained therein, and that on January 8, 1908, she signed and delivered to the executor a writing by which she directed it to be executed as written by her uncle; the writing being as follows: "Gentlemen: As the sole heir at law of S. W. Kasey, dec'd, and residuary beneficiary for life under his will of probate in Hardin county, Ky., I hereby notify you that I have accepted the provision of said will and do request you to provide for the said legacies and make the payments provided for in said will, and agree to approve and ratify all that

you may do as such executor in carrying out said will. I further request you to deliver to Miss Julia B. Tandy the property mentioned in the sixth clause of the said will, being three city of Louisville 4 per cent. bonds, the par value of $1,000.00 each. The said package when found in the box contained only two bonds of $1,000.00 each, and one of $500.00, but I believe the same was a mistake on the part of the testator, and I request you to carry out the will by delivering the three $1,000.00 4 per cent. bonds of the city of Louisville, and to take her receipt therefor, in full of said legacy.'' That in pursuance of this written direction from the heir at law, it had paid over the various special legacies, amounting to several thousand dollars, and had paid to the heir at law, monthly, the provision made for her support and maintenance. That she had accepted what had been paid her, and had taken possession of the real property devised to her. And that she still holds and retains all that had been paid over to her under the provisions of the will. All of this matter was alleged in estoppel of the right of appellant to prosecute the appeal from the order of probate. The appellant, in reply to the answer, undertook to avoid the effect of the action by which she had recognized the validity of her uncle's will by alleging that she was ignorant of her rights, and that she did not know the will was void at the time she elected to take under it instead of as heir at law. The court sustained a demurrer to appellant's reply as amended, and she declined to plead further. Whereupon the court dismissed her appeal, and. from that judgment she prosecutes this appeal.

We think it will materially simplify the issues in this case to say. at the outset. that the only question

which could arise for adjudication upon the appeal from the county court was whether or not the writing involved was the last will and testament of the decedent. The question as to whether or not the trust provided for in the will was valid or invalid under the statute against perpetuities, could not have been adjudicated on the appeal from the order of probate. This very question arose in the case of Leak's Heirs v. Leak's Ex'rs, 73 S. W. 789, 24 Ky. Law Rep. 2217. We there said upon a question identical with that at bar: "As to whether or not certain devises are void for uncertainty, or for any other reason, that can be determined in a proceeding to put the instrument (will) in execution; but upon an appeal from the order of the county probating, or refusing to probate, a writing purporting to be a will, the only question is whether or not is was the will of the decedent."

This leaves in the case only the question as to the mental capacity of the decedent to make a will, or whether undue influence was exercised upon him to induce him to make the will in question. It is exceedingly doubtful as to whether the allegations as to mental incapacity and undue influence, contained in the pleading of appellant, are sufficient to raise those issues. In reality, it appears to us that the question of whether or not the trust established in the will was valid or void was the main question which appellant sought to raise and have adjudicated. Appellant alleged, herself, that she resided with her uncle many years before his death. It is therefore difficult to understand why she should not know as much, or more, of his mental capacity than any other person; and the same may be said as to whether or not undue influence was exercised in inducing him

to make the will. She was his nearest relative and his only heir at law, and, as said before, resided in the house with him for many years prior to his death. She does not allege that any fraud was practiced upon her to prevent her knowing whether her uncle had capacity to make a will, or whether he was unduly influenced. She admits that after the probate of the will, she executed the writing copied above, by which she recognized its validity, and that she directed payment of several thousand dollars of bequests to devisees, that she took possession of the property devised to her by her uncle, and received, monthly, the amount directed to be paid her by the terms of the will. She could not hold under the will and against it at the same time. She could not keep the property she had received under the will and at the same time assail it. She did not offer to return what she had received. Gore v. Stevens, 1 Dana, 201, 25 Am. Dec. 141; Utermehle v. Norment, 197 U. S. 57, 25 Sup. Ct. 291, 49 L. Ed. 655; Mercer v. Smith's Guardian, 107 S. W. 1197, 32 Ky. Law Rep. 1008.

The circuit court correctly sustained the demurrer to the reply, and the judgment dismissing the appeal is affirmed.