## Sleet, et al. v. Mabel B. Atwood, et al.

## Leland Atwood's Guardian, et al. v. Mabel B. Atwood, et al.

(Decided December 12, 1919.)

### Appeals from Boone Circuit Court.

1. Wills—Construction.—A testator wrote two holographic wills, one dated July 14, 1908, the other dated June 15, 1909. In the second clause of his first will he provided that his daughter, Mabel B. Atwood, and her husband, Elmer Atwood, "shall have and hold their natural life my farm known as the Elijah Green, Jr., farm . . . and at their death the land is to go to their heirs, Leland and Elmer Atwood, and any other issue they may have at their death." On the original will there was a pencil mark through the words, "and her husband, Elmer Atwood, shall," and "their natural life," and the word, "forever," is written in pencil over the words, "their natural life." There is also a pencil mark through the words, "and at their death the land is to go to their heirs, Leland and Elmer Atwood, and any." By clause two of the second will it was provided that his daughter, Mabel B. Atwood, should have and hold the Elijah Green farm forever. On January 22, 1912, he added a codicil to the second will, stating that he had exchanged the Allphin farm for the Rev. L. Johnson farm, and he desired his son, Clarence, to have the Johnson farm in place of the Allphin farm. On July 25, 1916, he added the same codicil to the first will: Held, unnecessary to determine whether the last codicil had the effect of reviving the whole of the first will, since with the erasures and interlineation made by the testator clause 2 in each will was the same, and gave to Mabel B. Atwood the fee simple title.

TOMLIN & VEST for appellants, Sleet and Johnson.

N. E. RIDDELL, Guardian ad litem.

CHARLES STROTHER for appellees.

Opinion of the Court by William Rogers Clay, Commissioner—Affirming.

These two appeals, which involve the same question and are prosecuted on the same record, will be considered in one opinion.

On September 13, 1917, Mabel B. Atwood and her husband, E. B. Atwood, entered into a written contract by which they sold to John W. Sleet and A. R. Johnson

their farm of 222 acres in Boone county for $62.50 an acre, and agreed to deliver to them a general warranty deed therefor on March 1, 1918. On that date they tendered a deed to the purchasers, who declined to comply with the contract on the ground that the vendors could not convey a fee simple title.

This suit was brought by the vendors against the purchasers for specific performance. The defendants filed an answer and cross petition, pleading in substance that plaintiff, Mabel B. Atwood, acquired title to the farm in question under and by virtue of the wills of her father, D. M. Bagby, and that she took thereunder only a life estate. The only children of Mabel Atwood, Leland and Elmer, who were infants under fourteen years of age and who were non-residents, were made parties defendant, and upon proper affidavit a corresponding attorney was appointed to notify them of the pendency of the action. Subsequently it was made to appear by proper affidavit that the infant defendants had no guardian, curator or committee in this state, and another attorney was appointed their guardian *ad litem*. The guardian *ad litem* answered for the infant defendants and pleaded in substance that they owned the land in remainder subject to the life estate of their mother. The cause having been submitted on the pleadings and exhibits, the chancellor held that Mabel B. Atwood took a fee simple title to the land under the will of her father, D. M. Bagby, and adjudged specific performance of the contract. The purchasers and the children of Mrs. Atwood appeal.

It appears that D. M. Bagby made two holographic wills, one dated July 14, 1908, and the other dated June 15, 1909. Both of these wills were probated by the Boone county court on May 7, 1917. The first will is as follows:

"Walton, Ky., July 14, 1908.

"Knowing that life is uncertain and that death is certain and feeling that it will be best for my family for me to make a distribution of my property now while I am in my natural mind and health.

"Now, I, D. M. Bagby, of Walton, Boone county, Kentucky, do make this my last will and testament.

"1st. I desire that my son, Clarence Bagby, who is so seriously afflicted and who has my deepest sympathy,

to have and hold his natural life and to enjoy the full proceeds of my farm known as the John F. Allphin farm in Kenton and Boone counties consisting of about two hundred acres of land, at his death this land is to return to my estate according to the law of inheritance of real estate. I also desire that my wife, Julia F. Bagby, shall become his guardian without bond in connection with Walton Bank & Trust Co. of Walton, Ky.

"2nd. I desire that my beloved daughter, Mabel B. Atwood and her husband, Elmer Atwood, shall have and hold their natural life my farm known as the Elijah Green, Jr. farm consisting of about two hundred and twenty-two acres of land lying and being in Kenton county, Kentucky, with all that belongs to me on it such as crop and stock and at their death the land is to go to their heirs, Leland and Elmer Atwood and any other issue they may have at their death equally child and child alike and may God bless them all.

"3rd. I father desire that all of the remainder of my property, after all my just debts are paid be given to my dear wife, Julia F. Bagby, who is and has always been my best friend, including the house and contence we now live in in Walton, Ky., any other land I may own at my death. All bank stock and deposit I may have all building association stock, all trust company stock including Covington Trust Co,. and Peoples Trust Co. of Covington, Ky., also all J. D. Mayhugh Mft. Co. stock I may have, all Walton Brick Co. stock, all notes or mortgages or any other evidence of debt or ownership I desire that my wife Julia F. Bagby to have and hold as her own and to enjoy the proceeds as long as she lives, at her death to descend to my and her heirs according to the law of inheritance of the estate of Kentucky.

"In God I trust.

"D. M. BAGBY.

"I desire to add to the above that I appoint Rev. E. B. Atwood as executor of this will if convenient and if not suitable my wife, Julia F. Bagby, in connection with the Walton Bank & Trust Co. to execute the terms of this will.

"D. M. BAGBY.

"Walton, Ky., July 25, 1916.

"As I have traded the Allphin farm for the Rev. L. Johnson farm, I desire that my son, Clarence Bagby, shall have the Johnson farm as he would have gotten the Allphin farm.

"D. M. BAGBY."

In clause 2 of the original will there is a pencil mark through the words, "and her husband Elmer Atwood shall," and "their natural life," and the word, "forever," is written in pencil over the words, "their natural life." There is also a pencil mark through the words, "and at their death the land is to go to their heirs, Leland and Elmer Atwood and any."

The second will is as follows:

"Walton, Ky., June 15, 1909.

"Knowing that life is uncertain and that death is certain and feeling that it will be better for my family for me to make a disposition of my property now while I am in my natural mind and health.

"Now, I, D. M. Bagby, of Walton, Boone county, Ky., do make this my last will and testament.

"1st. I desire that my son, Clarence Bagby, who is so seriously afflicted and who has my deepest sympathy to have and hold his natural life and to enjoy the full proceeds of my farm known as the John F. Allphin farm in Kenton and Boone counties containing about two hundred acres of land. At his death this land is to return to my estate and be distributed to all my legal heirs according to the inheritance law of Kentucky.

"I also desire that my wife, Julia F. Bagby, if living shall become his legal guardian without bond in connection with the Walton Bank & Trust Co. of Walton, Ky.

"2nd. I desire that my beloved daughter, Mabel B. Atwood, is to have and hold for ever my farm known as the Elijah Green, Jr. farm consisting of about two hundred and twenty-two acres of land lying and being in the county of Kenton, state of Kentucky, with all that belongs to me on it such as stock or crops.

"3rd. I father desire that all of the remainder of my property, after my just debts are paid be given to my dear wife, Julia F. Bagby, who is and always been my best friend, including the home and contence of same in which we now live, in Walton, Ky. Any other land

I may own at my death, all bank stock and deposits 1 may have all building association stock, all trust company stock including the Covington Saving Bank & Trust Co. and the Peoples Saving Bank & Trust Co. of Covington, Ky.; also all J. D. Mayhugh Mft. Co. stock I may have. All notes and mortgages I may have or any other property of value I may own at my death including a life policy in the New York Life Ins. Co. of N. Y. for $1,000.00.

"I desire that my wife, Julia F. Bagby, to have and hold as her own, to enjoy the proceeds of this property as long as she should live. At her death to my and her heirs according to the law of inheritance of Kentucky.

"I do hereby appoint Rev. E. B. Atwood as executor of this will, if convenient and near by and if not suitable my wife, Julia F. Bagby in connection with the Walton Bank & Trust Co. will execute the terms of this will.

"D. M. BAGBY.

"Walton, Ky., Jan. 22, 1912.

"As I have exchanged the Allphin farm for the Rev. L. Johnson farm I desire that my son, Clarence Bagby, shall have the Johnson farm in place of the Allphin farm and on same conditions.

"D. M. BAGBY."

It will be observed that the two wills as originally written are substantially the same with the exception of clause 2. Under clause 2 of the first will, Mabel B. Atwood and her husband, Elmer Atwood, took only a life estate in the 222 acres of land with remainder to their children, Leland and Elmer, and any other issue they might have at their death, while under clause 2 of the last will, Mabel B. Atwood took the entire fee. It will also be observed that the testator on January 22, 1912, wrote a codicil to his last will, stating in substance that he had exchanged the Allphin farm for the Rev. L. Johnson farm, and desired his son, Clarence Bagby, to have the Johnson farm in the place of the Allphin farm and on the same conditions. However, on July 25, 1916, he executed the same codicil to the first will. It is the contention of appellants that the testator thereby revived the whole of the first will, and that the chancellor should have adjudged that Mabel Atwood and her husband took only a life estate in the farm in question. Our statute

provides that no will or codicil, or any part thereof, which shall be in any manner revoked, shall, after being revoked, be revived otherwise than by re-execution thereof or by a codicil executed in the manner herein before required; and then only to the extent to which an intention to revive the same is shown thereby. Section 4834, Kentucky Statutes. Whether the addition of the codicil on July 25, 1916, to the first will shows an intention to revive the entire will, it is unnecessary to determine. It is evident that the erasures and interlineation in clause 2 of the first will were made by the testator, and that the second will was written for the purpose of putting clause 2 in a more enduring form and make it conform to clause 2 of the first will after the changes therein had been made. The result is that clause 2 in each will is substantially the same and gives to Mabel Atwood the fee simple title to the property in question. It is therefore immaterial which clause prevails. It follows that the decision of the chancellor was correct.

Judgment affirmed.