## Quinlan v. Quinlan.
## Quinlan's Adm'x v. Same.

March 12, 1943.

Bradley & Blanton for appellant.

Raymond Connell for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming in part and reversing in part.

On May 8, 1939, W. P. Quinlan died, a resident of Bourbon County, Kentucky. Surviving him were his wife, appellant, Nancy Quinlan, and his mother, the appellee, Margaret Quinlan. Prior to his death he obtained two insurance policies on his life in different com-

panies—one being for $3,000 and the other for $1,000. The latter policy was made payable to his estate; whilst the former one made his mother, the appellee, as beneficiary therein. Shortly before taking his life—and on the same day—he wrote and subscribed two messages—one directed to his mother and the other to his wife. The one to the mother said: ''Mother pay my burial and my just debts and forgive me for I could not stand it any longer and all ways be good to Nancy for she has been a good wife good by and dont worry. (signed) Bill.'' The one addressed to his wife said: ''Nancy please forgive me but I could not stand it any longer for I am so nervous so good by and dont worry for you have been a good wife and take this little policy and take care of it I ask mother to pay my debts and put me away so dont spend but three hundred dollars that is enough so good by darling and take care of yourself. (Signed) Bill.''

The one addressed to the mother was placed in the envelope containing the policy in which she was named the beneficiary, and the one directed to the wife was placed in the envelope containing the $1,000 policy payable to his estate. Afterwards the wife moved the county court of Bourbon county to probate the two documents —both of which were shown to be entirely in the handwriting of decedent—as constituting his will with reference to the matters contained therein. The court rejected and declined to probate the writing addressed to decedent's mother on the ground that it possessed no testamentary qualities, in that it made no disposition of any property—nor attempted to do so—but only embodied a general request of his mother to pay his funeral expenses and his debts. The court, however, did order probated the directions contained in the note addressed to decedent's wife, saying: ''Take this little policy and take care of it.'' That order was made upon the ground —as stated by the presiding judge—that it (potentially at least) was an effort on the part of the writer to devise the $1,000 policy payable to his estate to his widow, the court holding that it could be shown by parol proof that he meant to do so by that language. From that judgment appellant, the widow, prosecuted an appeal to the Bourbon circuit court from that part of the county court's judgment refusing to probate all of both writings. The judge of the circuit court entertained the same view with reference to the testamentary quality of the writings which was rejected by the county court, and dis-

missed the widow's appeal. From that judgment she has appealed to this court, and which is the first one in the caption.

We have been cited to no authority, nor have we been able to find any in conflict with the judgment of both the county and circuit courts in their determinations that the rejected portions of the two writings could be considered as testamentary. Nowhere in any part of the rejected language was there any effort on the part of the writer to dispose of any property, whether belonging to or owned by him or by someone else. No property was mentioned anywhere in either of the writings, save and except an obscured reference to the $1,000 policy payable to his estate, and which the county court held (as we have seen, and no appeal was taken therefrom) might be shown by parol proof to refer to the latter policy. It is axiomatic that a writing which disposes of nothing is not a probative testamentary document. Abundant authorities could be cited in support thereof, but the proposition is so elementary that we do not deem it necessary to encumber the opinion therewith. That conclusion is true, notwithstanding the fact that some or all of the statements rejected as a will might possess evidentiary effect as admissions on other controversies growing out of the administration of the estate of the decedent, since the writings themselves, if evidentiary, could be introduced when so admissible without being probated. We, therefore, conclude that the judgment in the first action stated in the caption was and is correct.

In the meantime appellant, the widow, was appointed administratrix of her husband's estate, and on October 11, 1940, she filed the second action in the caption in the Bourbon circuit court individually, and as personal representative of her husband's estate, against her husband's mother, the appellee, Margaret Quinlan, seeking to recover a judgment against defendant for the sum of $954.14, which plaintiff alleged was the total amount of her husband's debts and funeral expenses. As grounds for the relief sought plaintiff alleged in her petition that in the $3,000 policy in which the mother was named as beneficiary it was also provided that the insured (decedent) was given the right and privilege ''to change the beneficiary at any time without the consent of the beneficiary,'' and upon the theory that decedent did change pro tanto the beneficiary in the $3,000 policy to

the extent of the amount of his indebtedness and funeral expenses by his alleged will as contained in the writings supra, and that the proceeds of the $3,000 policy thereby became impressed with a trust in favor of his creditors who held such debts. She further alleged that the mother had collected all of the $3,000 policy and was holding it in derogation òf the alleged trust, thereby making her liable to the estate for the sum sued for. But the conclusion reached in the first case in the caption destroys that claim and that portion of the petition relying thereon was stricken from that pleading.

However, an additional ground of recovery, in the action now under consideration, was also relied on, and which was that in January, 1939, some three months before decedent's death, he contemplated changing the beneficiary in the $3,000 policy from his mother to his estate, and that ''during the negotiations leading to such change, he made and entered into an oral agreement with the defendant, Margaret Quinlan, by the terms of which Margaret Quinlan promised and agreed that, in the event the decedent did not change the beneficiary of said policy of insurance, the said Margaret Quilan promised and agreed out of the proceeds thereof to pay all the debts and funeral expenses of said decedent, W. P. Quinlan.'' It was then alleged, in substance, that by the agreement of the mother—so alleged to have been entered into upon the consideration that her son (the insured) would not change the beneficiary in the policy—she thereby created a trust upon a sufficient amount of the proceeds of the policy to discharge the obligations assumed by her. Also, that the oral agreement, as alleged, constituted an enforceable contract with the decedent which was made by him for the use and benefit of his creditors after his death, including the amount of his burial expenses, and that the estate through and by its representative could enforce that agreement.

The answer denied that any such agreement was ever entered into, and by another paragraph it averred that the agreement, if made, was not enforceable because it was in conflict with subsection 4 of section 371.010 of KRS and section 470 of Baldwin's 1936 Revision of Carroll's Kentucky Statutes, saying: ''No action shall be brought to charge any person * * * Upon any promise to answer for the debt, default or misdoing of another * * * unless the promise, contract, agreement, represen-

tation, assurance or ratification, or some memorandum or note thereof, be in writing and signed by the party to be charged therewith, or by his authorized agent.'' The court overruled plaintiff's demurrer to that paragraph of the answer, and upon her declining to plead further the action was dismissed, from which she has appealed. It is our conclusion that the court erred in sustaining that defense by overruling plaintiff's demurrer filed thereto.

We are not now interested in determining either of the appeals on the question of what is necessary to effect a change of beneficiary by the insured in the circumstances disclosed, further than to say that it may not be done by a will of the insured, which is the conclusion reached and adopted by us in the late case of Parks' Ex'rs v. Parks et al., 288 Ky. 435, 156 S. W. (2d) 480. We therein held that although some authorities held to the contrary, a majority of them—as well as the best reasoned cases—denied the right of the insured to make such testamentary change as between him and the named beneficiary. But in the same case, we said that as between the insured and the insurer the manner of making the change, under a policy providing that it might be done, the stipulated method contained in the policy should be followed, at least substantially. There was no such attempted change, as we have seen, in either of the writings offered for probate, and the more or less obscure testamentary disposition of the proceeds of the $1,000 policy could be done in a will when the policy was made payable to the estate of the insured. Therefore, the only question remaining for determination is: Whether or not the alleged agreement between decedent and his mother in the negotiations alleged to have occurred in January, 1939, may be enforced, although resting entirely in parol?

The text in 29 Am. Jur. 956, section 1281, under the heading of ''Promise by Beneficiary to Pay Proceeds to Third Person'' says: ''It is generally held, upon varying theories, that a promise by the beneficiary to the insured to collect and pay the whole or a part of the proceeds of a policy of insurance to a third person is valid and enforceable as against the promisor.'' In note 14 to that text are many cases cited which need not be herein listed, since the reader can obtain access to them by consulting the volume containing the text. We have

found that publication to be accurate and reliable, and in the text following the above excerpt it is stated that the consideration for the promise of the beneficiary ''is to be found in the fact that he retains his position as beneficiary by virtue of the promise,'' and which had the effect to forestall the contemplated change by the insured which he, in the absence of such a promise, would have made.

Further along in the same section the text says: ''It is also generally recognized or specifically held that the promise by the beneficiary of life insurance to the insured to pay the proceeds, in whole or part, to a third person, is valid and enforceable as a trust, even though oral.'' In note 4 to that text the writer cites many cases, including annotations in 102 A. L. R. 592. In that annotation the enforceability of an agreement of the nature and character here involved is most thoroughly discussed from every angle from which it might arise, and wherein it is pointed out that the majority of courts (citing the cases) adopt and adhere to the rule that such an agreement may be enforced either as the creation of a trust, or as one made for the use and benefit of another, although the agreement was orally made, since the same courts also hold that the agreement is not one embraced by the section of the Statute of Frauds supra, but is one based upon a valuable consideration, and the promise is made—not to the creditor or holder of the obligations agreed to be paid by the beneficiary—but to the debtor himself on a sufficient legal consideration.

What we regard as embodying substantially the same question was so determined by us in the cases of Withers v. Withers, 30 K. L. R. 1099, 100 S. W. 253; Peek's Ex'r v. Peek's Ex'r, 101 Ky. 423, 41 S. W. 434, and Crews v. Crews' Adm'r, 113 Ky. 152, 67 S. W. 276. We deem it unnecessary to multiply additional authorities sustaining the proposition under consideration. Such additional ones are catalogued in the text and opinions which we have listed herein and are, therefore, accessible to the reader.

Before submission of either of the appeals (which have been consolidated in this court), plaintiff entered motion to permit her to take the deposition of defendant, who (according to briefs, but not in the record) was then 93 years old. The court overruled that motion, to which plaintiff excepted, and that order of the court—

which appellee's brief says was because appellee was then thought to be too feeble physically to give her deposition—is complained of on these appeals. The motion sought to take the deposition of the witness as on cross-examination, but we are unable to find the practice to be that such testimony is not available, unless obtained by permission and through the order of the court. On the contrary, subsection 8 of section 606 of the Civil Code of Practice expressly prescribes that ''A party may be examined as if under cross-examination at the instance of the adverse party, either orally or by deposition as any other witness; but the party calling for such examination shall not be concluded thereby, but may rebut it by counter testimony.'' Therefore, upon another trial, if there should be one, plaintiff will have the right to take the deposition of defendant without obtaining permission of the court to do so by the giving of proper notice, provided she is physically and mentally able to testify.

It follows from the determinations herein made that should the agreement relied on by plaintiff be established by the proof, then she, as personal representative of her husband's estate, would be entitled to recover the amount of the debts and funeral expenses which the estate had to pay. Also, in such an event the proceeds of the policy would be impressed with a trust to discharge such obligation.

Wherefore, for the reasons stated, the judgment appealed from in the first case stated in the caption is affirmed; but the one rendered in the second case stated in the caption is reversed, with directions to set it aside, and for proceedings consistent with this opinion.