## PANKE v. PANKE.

Court of Appeals of Kentucky.

June 19, 1953.

Rehearing Denied Oct. 2, 1953.

James T. Robertson, Louisville, for appellant.

Davis W. Edwards and Wallis Downing, Louisville, for appellee.

DUNCAN, Justice.

This appeal is from a judgment of the Jefferson Circuit Court sustaining an order of the county court refusing to probate the alleged holographic will of Callye C. Panke. This case is an outgrowth of the facts which were considered in Panke v. Panke, Ky., 252 S.W.2d 909.

The document in question, entirely in the handwriting of Callye C. Panke, is as follows:

"In the year of 1930 between the months of March or May I turned over 5 pieces of property to Rudolph E. Panke which he accepted as payment in full, as his part of the estate left by his father. The deal was put through by L. D. Greene.

/s/ Callye C. Panke"

Appearing on a separate sheet of paper and alleged to be explanatory of the previous writing is the following, also in the handwriting of Mrs. Panke:

"Esther—if you have trouble show this.

/s/ Mama"

It is hardly necessary to cite authorities in support of the proposition that a will is essentially a disposition of property and a document which disposes of nothing is not a will. In Quinlan v. Quinlan, 293 Ky. 565, 169 S.W.2d 617, 618, it was said:

"It is axiomatic that a writing which disposes of nothing is not a probative testamentary document. Abundant authorities could be cited in support thereof, but the proposition is so elementary that we do not deem it necessary to encumber the opinion therewith."

Appellant insists that the two writings considered together evidence a clear intention to exclude the appellee, Rudolph E. Panke, from participation in Mrs. Panke's estate. It is unnecessary to consider that question since the authorities are gen-

erally agreed that an instrument, although executed with the formality of a will, is not entitled to probate where it does nothing more than exclude an heir from participation in the estate. 57 Am.Jur., page 56, § 28, Wills.

 The court properly refused to probate the document in question.

The judgment is affirmed.