**FIRST NATIONAL BANK OF MAYFIELD,**
Executor Under the Will of Ed Gardner, Deceased, Petitioner,

v.

**Elvis J. STAHR, Judge, Graves Circuit Court, Respondent.**

Court of Appeals of Kentucky.

Dec. 4, 1959.

James W. Stites, Louisville, Milton C. Anderson, Wickliffe, Thomas Waller, Paducah, S. Russell Smith, Louisville, Malcolm R. Boaz, Mayfield, Stites, Peabody & Helm, Waller, Threlkeld, Whitlow & Byrd, Paducah, M. C. Anderson, Wickliffe, Malcolm R. Boaz, Mayfield, Smith & Smith, Louisville, of counsel, for petitioner.

Chas. I. Dawson, Edwin F. Schaeffer, Jr., Louisville, L. M. Tipton Reed, Mayfield, David Reed, Paducah, Bullitt, Dawson & Tarrant, Louisville, Martin, Neely & Reed, Mayfield, Reed & Hines, Paducah, of counsel, for respondent.

CULLEN, Commissioner.

The executor of the will of Ed Gardner, deceased, has petitioned this Court for a prohibitory order against the judge of the Graves Circuit Court. The principal relief sought is a prohibition against the entertainment of any further proceedings in an action brought by Bunk Gardner, Sr., in the Graves Circuit Court to contest the will of Ed Gardner, until such time as a release executed by Bunk Gardner, Sr., embodying an agreement to accept the will as probated,

be set aside in a separate proceeding in equity.

The will of Ed Gardner, leaving practically all of his estate to the Annie Gardner Foundation, was probated in the Graves County Court on June 12, 1958. On January 6, 1959, Bunk Gardner, Sr., brother and legal heir of the decedent, executed a release in which he agreed to accept the terms of the will as probated. Notwithstanding the release agreement Bunk Gardner, Sr., thereafter brought action in the Graves Circuit Court to contest the will. The executor filed an answer setting up the release as a bar to the action, and the principal beneficiary filed a pleading designated as a counterclaim, also setting up the release and praying that the contestant be enjoined from prosecuting the action. The contestant then filed a reply, asserting that the release was procured through fraud and concealment and was without consideration. All parties moved for summary judgment, and after a hearing the court entered an order adjudging that the release was invalid and did not bar the contestant from maintaining the action. (Appeals from that order were taken by the executor and by the principal beneficiary. Motions to dismiss those appeals are now pending.)

The executor bases its claim for prohibitory relief, in the main, upon the proposition that the circuit court had no jurisdiction, in the will contest action, to adjudicate the validity of the release. It is argued that a will contest action is a special statutory proceeding, under KRS 394.240 and 394.260, in which the court is limited to a determination of the sole question of whether or not the propounded writing is the will of the decedent. Reliance is had upon such cases as Leak's Heirs v. Leak's Ex'rs, 73 S.W. 789, 24 Ky.Law Rep. 2217, Kasey v. Fidelity Trust Company, 131 Ky. 604, 115 S.W. 737, and Central Trust Company of Owensboro v. Bennett, 208 Ky. 281, 270 S.W. 821, in which there are statements to the effect that the jurisdiction of the circuit court in a will contest proceeding is confined to the

determination of the question of whether the paper in question is or is not the will.

While it is true that the jurisdiction of the circuit court in a will contest suit, as to an *ultimate adjudication,* is limited as stated in the cases cited, this does not mean that the court has no jurisdiction to pass on the preliminary question of whether or not the contestant is entitled to maintain the action. The petitioner here concedes that the court does have jurisdiction to determine a question of whether the contestant has a sufficient interest in the estate to be affected by the probate of the will. See Egbert v. Egbert, 186 Ky. 486, 217 S.W. 365. But the petitioner argues that the setting aside of a release is a different matter, cognizable only by a court of equity, and that in the special statutory will contest proceeding the court cannot exercise equity jurisdiction.

Both the petitioner and the respondent rely upon Tinker v. Ringo's Ex'rs, 11 S.W. 605, 11 Ky.Law Rep. 120. In that case Tinker, a collateral relative, brought action to contest the will. The decedent had left surviving him six adopted children, who presumptively would take the estate should the will be set aside. This Court, in affirming the judgment of the circuit court dismissing Tinker's action, stated that before Tinker could maintain the action the adoption judgments would have to be set aside. The petitioner here maintains that the Tinker case held that the court in a will contest action could not exercise equity jurisdiction such as would be required to set aside the adoption judgments. However, the fact was, in the Tinker case, that Tinker had instituted separate actions to set aside the adoption judgments, which actions were pending when he brought the contest suit, and we think the decision of the court was merely that the separate actions would have to be prosecuted to a successful conclusion before Tinker could establish that he had an interest in the estate such as would entitle him to contest the will. The respondent here maintains that the Tinker case is au-

thority for the proposition that the court in a will contest action has power to determine whether the contestant is a party in interest, and clearly it is.

■ If the general rule of law was that a person who has executed a release of a claim cannot sue on the claim without first having the release set aside by a court of equity, the petitioner would have a meritorious argument. But that is not the rule. The holding with respect to ordinary claims is that the claimant may bring the action without mentioning the release; the defendant has the election of whether or not he will assert the release as a defense; if he elects to assert it he must plead it specifically; and if he does so assert it the plaintiff may show its invalidity. See Toppass v. Perkins's Adm'x, 268 Ky. 186, 104 S.W.2d 423.

We do not believe that the statutes governing will contests are intended to deprive the circuit court of such limited equity powers as may be required to be exercised in determining the question of whether the contestant is entitled to maintain the action. We can find no basis in logic or reason for holding that the court may determine the question of the contestant's right to sue if it is strictly a question at law, but may not do so if it is a question in equity.

■ It is our conclusion that the circuit court had jurisdiction to pass upon the validity of the release.

■■ The petitioner has prayed in the alternative for an order prohibiting further proceedings in connection with the will contest until this Court has rendered final decision on the appeals taken from the order holding the release to be invalid. It is argued that under CR 18.02 the question of validity of the release must be prosecuted to a "conclusion," meaning to the point of final decision on appeal, before the contest suit may be proceeded with. The rule referred to merely provides that when a "claim" is one which heretofore was cognizable only after another claim has been "prosecuted to a conclusion," both claims may be joined in a single action, but the court shall grant relief "only in accordance with the relative substantive rights of the parties." For the reasons hereinbefore indicated, we do not consider the assertion by the plaintiff that the release is void, made in reply to the answer setting up the release as a defense, to be a "claim" of the kind this rule is talking about. Nor do we find in this rule any basis for the interpretation that when two claims of the kind mentioned in the rule are joined, action on the second one must be abated pending ultimate decision on appeal of the first one.

■ A further argument is that because a supersedeas bond was executed on the appeal taken from the order holding the release to be invalid, the circuit court has no jurisdiction pending the appeal to proceed with the contest suit. The petitioner does not favor us with any suggestion of authority for this proposition. Suffice it to say that we cannot conceive how the kind of order in question could be capable of being superseded.

■ We wish to point out that even had we found the circuit court to be acting without jurisdiction, a serious question still would remain as to whether there were sufficient elements of injustice and great and irreparable injury in this case to warrant invoking the extraordinary powers of this Court. See Schaetzley v. Wright, Ky., 271 S.W.2d 885.

The relief prayed for is denied.