Dr. E. M. BRUMMETT, Sr., Individually and as Executor of the Will of Sarah Sutton Wyrick, Deceased, et al., Appellants,

v.

Bird BRUMMETT et al., Appellees.

Court of Appeals of Kentucky.

Jan. 29, 1960.

Herschel M. Sutton, Corbin, Charles Wylie, William E. Sloan, Lexington, for appellants.

R. L. Brown, W. B. Early, Williamsburg, for appellees.

MILLIKEN, Judge.

The appellants, who were defendants below, assert that four probated holographic instruments which were executed over a period of a year should be read together as the last will and testament of Sarah Sutton Wyrick, who died on the 30th day of December, 1954, at the age of 87, leaving an estate of approximately $20,000. The instruments are listed in their chronological order and not in the order of their probate as follows:

*Instrument No. 1.* This instrument was probated January 7, 1955.

"Corbin, Ky.
"June 10th, 1953.
"I Sarah Sutton Wyrick being of sound mind & memory do will & bequeath my last Will & testament.

"I have one brother living Dr. E. M. Brummette sen. Lexington, Ky. without bond, to sell and settle estate of Sarah Sutton Wyrick.

"I want all bills paid that I should owe, I have this building 50 x 100 ft. May have some money, bonds & brick stock.

"I want E. M. Brummette sen. to have my brick stock. I have 500.00 life policy to put me away.

"Last Will & testament all other Wills null & void.

"Sarah Sutton Wyrick
"Witness
"Mrs. May Baker
"Robt. G. Grove"

*Instrument No. 2.* Probated January 7, 1955.

"June 10/53
"I am leaving my estate as follows it may be to small or to large; administrator can proportion it, I have based it on $10,000.00

"These are the Nepew's & nieces, 14

| Bird Brummett | 50. | |
|---|---|---|
| William Brummet | 50. | |
| Lucille " | 50 | |
| Ethel Brummett Goodman | 50.00 | |
| Frank Wilson | 50.00 | |
| Charles Wilson | 50.00 | |
| Lloyd Wilson | 50.00 | |
| Lonzo Brummett | 50.00 | |
| Wheeler " | 50.00 | |
| Lucinda Grayson | 50.00 | |
| Robert Brummett $200.00 | 200.00 | |
| Clive Brummett | 200.00 | ———$1300.00 |
| Edwin Brummett | 200.00 | |
| Everett Brummett | 200.00" | |

*Instrument No. 3.* Probated November 22, 1955.

"Corbin, Ky. June 25th, 1953

"I Sarah Sutton Wyrick being of sound mind & memory do will & bequeath the following:

"I want my brother Dr. E. M. Brummett sen. to act as administrator & power of Att'y.

"I want all bills paid that I should owe, what is left after all bills are paid divide as follows.

"This is my last will & testament

1953
June 25/53        "Sarah Sutton Wyrick

"What is left after all bills are paid goes to brother Dr. E. M. Brummette.

"Jim & Ansel came to me & said when I made my will not to include them as they did not need it.

"This was in 1947."

*Instrument No. 4.* Probated January 7, 1955.

"Corbin, Ky. July 10, 1954.

"I Sarah Sutton Wyrick being of sound mind & memory do Will & bequeath the following.

"I want by brother Dr. E. M. Brum-Sen.
mette / Lexington, Ky. to act as administrator & power of Atty. without bond to settle my estate.

"I want all bills paid that I should owe & divide what is left as requested.

"Sarah Sutton Wyrick

"Witness

"If anything should happen to brother Dr. E. M. Brummette that he is not able to settle my estate I want J. C. (Clive) Brummett to act as administrator & settle estate.

"Sarah Sutton Wyrick"

It is the general contention of the appellants, hereinafter referred to as the defendants, that the proper execution of the latter instruments, 3 and 4, amounts to a republication of the prior instruments, and that such republication makes them all valid as the will of Mrs. Wyrick, citing 57 Am. Jur., Wills, Sections 228 and 755. In dealing with this contention, the learned chancellor wrote:

"It is asserted that the instrument of June 25, 1953, is a complete and valid will, disposing of all of her (Sarah Sutton Wyrick) property, and that the instrument of July 10, 1954, is a codicil of that instrument, and cures any possible defects in it. Let us examine that contention. It will be observed that the portion of the instrument above Mrs. Wyrick's signature does not dispose of any property. The only positive statement in the will is that she wants her brother, Dr. E. M. Brummett, to act as administrator. The dispositive clause in the will that does attempt to give Dr. Brummett what is left of the estate is on the same piece of paper, but under her signature, and is not signed. It is well settled in Kentucky that an instrument that does not dispose of property is not a will at all. Quinlan v. Quinlan [293 Ky. 565] 169 S.W.2d [617] 618; Planke v. Planke [Panke v. Panke, Ky.] 260 S.W.2d 397.

"Is the Instrument of July 10, 1954, a Codicil of the Instrument of June 25, 1953?

"It will be observed that this instrument does not dispose of any property. It merely says that she wants all debts paid, her brother to be administrator without bond, and divide what is left as requested. What that request is, where it may be found is not stated.

"It is contended that these two instruments, made more than thirteen months apart, should be read and construed together, and that the signing of the later one cured any defects in the former one. The case of Sleet v. Atwood [186 Ky. 241], 216 D [S.]W. 352, is cited as authority. However, in that case both the original and the codicil were signed. The case of Hays v. Marschall [243 Ky. 392], 48 S.W.2d 540, also cited, does not sustain the contention, because in that case the will was on two sides of one small piece of paper. The case of Graham v. Edwards [162 Ky. 771], 173 S.W. 127, is easily distinguishable, because in that case the will was on one sheet of paper, and it was signed on the margin at the bottom. Defendants also cite the case of Beall v. Cunningham, 42 Ky. 390 (3 B. Monroe, Ky. 320 [390]). In that case the other papers were referred to. Finally in the case of Hurley v. Blankenship [313 Ky. 49], 229 S.W.2d 963 [21 A.L.R.2d 817], cited by the defendant, is not in point, because in that case all of the instruments were put in one envelope and found together in a trunk after the death, and in

each instance the testator specifically stated 'this is a codicil to my will.' None of these ear marks, identifications, or references, appear in any of the instruments in question.

"In the cases of Ward v. Putnam [119 Ky. 889], 85 S.W. 179 [27 Ky.Law Rep. 367], and Parrott v. Parrott's Adm'x [270 Ky. 544] 110 S.W.2d 272, we have a discussion of the law as applicable here. In the Ward v. Putnam case the testator signed the will disposing of her property, and then added a codicil which was not signed. It was held that the will was valid and the codicil was ineffective. In the Parrott v. Parrott's Adm'x case it was held that the will is not signed at the end when the signature is followed by a dispositive clause which adds to, or revokes a previous bequest. This is important here, because all that Dr. Brummett gets under the instrument of June 25, 1953 is added below the signature, is not dated, and has no signature.

"In Georgetown College v. Webb [313 Ky. 25], 230 S.W.2d 84, it was held that an unsigned document executed after a properly executed will did not comply with the legal requirements of codicils, and could not be received in evidence. In Daniel v. Taylor [Tyler's Ex'r, 296 Ky. 808], 178 S.W.2d 411, we have a case that more nearly fits the one here. There the testator made a will attempting to dispose of about $50,000 worth of property. In the will itself she referred to notations upon a yellow envelope in the lock box. These were not signed. In a rather elaborate opinion citing 28 RCL 112, Section 257, and cases from other jurisdictions and Kentucky, it was announced that the will must clearly refer to the document, and before such document can be incorporated it must be identified. Now it is contended here that the last phrase of the instrument of July 10, 1954, to-wit: 'I want all bills paid that I should owe, and divide what is left as requested,' that the word 'requested' in the last phrase refers to the instrument of June 25, 1953. There certainly is nothing in this record in the way of documentary evidence, endorsements, or reference by a person reading the instrument to

indicate that she referred to that June 25, 1953, document.

"It is a singular fact, and the court believes worthy of comment, that the first instrument executed by Mrs. Wyrick, which was signed by her in the presence of two witnesses, dated June 10, 1958, bears the same date as Instrument No. 2, which is unsigned, which lists certain nieces and nephews be given the sums opposite their names. Since they have the same date, and apparently in the same handwriting, it would be far more logical to find that they constitute one will, than did these two instruments No. 3 and 4, made more than thirteen months apart, and according to this record, never put together, or identified as being intended to be considered as a will by reference, for any purpose.

■■ "The law permits a person to dispose of their property as they see fit. If a person does not choose to make a will, then the Legislature has provided a way by which the property shall be distributed. The Legislature has further provided that if a person desires to make a will that there are certain things that he must do. These are outlined by Statute. Chapter 394. If a person does not make a will, then the court cannot make a will for him. Johnson v. Johnson [312 Ky. 773], 229 S.W.2d 743; Wynn v. Williams [Winn v. William, 292 Ky. 44], 165 S.W.2d 961; 94 C.J.S. Wills § 177, and § 207."'

■ The appellees were paid the amounts designated in Instrument No. 2, and the defendants (appellants) contend that the appellees were thereby estopped from contesting the will. They have paid the money into court pending the outcome of this litigation, which removes any estoppel which may have arisen against them. Kasey v. Fidelity Trust Company [131 Ky. 604], 115 S.W. 737, and cases cited therein; Ky. Digest, Wills, ■■■ 57 Am.Jur., Wills, Sec. 805.

■ We concur in the conclusion of the chancellor that the only instrument which

qualifies as a properly executed will is Instrument No. 1, and it only to the extent of designating an executor and disposing of the brick stock.

The judgment is affirmed.