991 F.2d 795
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Katherine A. NEWELL and Elizabeth Ferris Newell,
Individually and for the use and benefit of First
Tennessee Bank, National Association,
Trustee, Plaintiffs-Appellees,
v.
NORTHWESTERN MUTUAL LIFE INSURANCE CO., Defendant,
Dan Boaz, Administrator C.T.A. of the Estate of David W.
Newell, Deceased, Defendant-Appellant.
 No. 92-5700.
 United States Court of Appeals, Sixth Circuit.
 April 12, 1993.
 
 Before KENNEDY and MILBURN, Circuit Judges, and KRUPANSKY, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Defendant Dan Boaz, Administrator C.T.A. of the Estate of David W. Newell, Deceased ("Newell" or "deceased"), appeals the district court's grant of summary judgment in favor of plaintiffs Katherine A. Newell and Elizabeth Ferris Newell in this diversity action. The district court granted summary judgment on plaintiffs' action for declaratory judgment to determine the beneficiary of the proceeds of a life insurance policy issued on the life of Newell by Northwestern Mutual Life Insurance Company ("Northwestern"), and also the beneficiary of the proceeds from life insurance policies issued on the life of Newell by Provident Mutual Life Insurance Company of Philadelphia ("Provident"). On appeal, the sole issue is whether the district court properly granted plaintiffs' motion for summary judgment upon the court's finding that the designation of an insurance beneficiary in the will of the deceased and in an inter vivos trust agreement executed by the deceased, when read together, established the intent of the deceased, as a matter of law, that the proceeds of his life insurance should be paid to the Trustee Bank for the benefit of the deceased's children rather than to the Administrator C.T.A. of the Estate of David W. Newell, Deceased. For the reasons that follow, we affirm.
 
 I.
 A.
 
 2
 At the time of his death, Newell, father of the two plaintiffs, had three life insurance policies in effect. His policies included one issued by Northwestern and two issued by Provident. It is agreed by the parties that all three policies named the trustee under Newell's will as beneficiary.
 
 
 3
 The Northwestern policy contains a designation of beneficiary provision dated October 29, 1991, which provides for payment to "First National Bank of Jackson, Tennessee, a Tennessee corporation, Jackson, Tennessee, Trustee under my Will, or any successor trustee thereunder, as direct beneficiary of the portion of the proceeds described in (2)." J.A. 17. The proceeds described in paragraph "(2)" are all proceeds of the policy minus the policy's cash value. The provision continues that "if no qualified Trustee makes claim to said portion of the proceeds within one year after my death, or if satisfactory evidence is furnished the Insurance Company during such one-year period showing that no Trustee can qualify to receive such portion of the proceeds, then payment will be made in one sum to my executors or administrators." Id. The document also names First National Bank of Jackson, Tennessee, as owner of the policy.
 
 
 4
 Subsequently, Newell moved to Paducah, Kentucky, where he was employed by Citizens Bank and Trust Co. of Paducah ("Citizens Bank"), and on July 17, 1984, he executed a document pertaining to the Northwestern policy. In this document, he designated Citizens Bank as the owner of the policy. Then on March 14, 1985, Newell executed an inter vivos trust which named Citizens Bank as the trustee. While the trustee agreement does not specifically mention Newell's insurance policies by name, it states in relevant part that, "the Trustee hereby acknowledges receipt of ... insurance policies ... and the Settlor has caused or will cause these policies to be made payable to the Trustee as beneficiary." Trust Agreement at 1. The agreement also states that "the Trustee shall use its best efforts to collect and receive the net proceeds payable to the Trustee under the insurance policies made subject to this Agreement and shall add the proceeds therefrom to the other property composing the corpus of the trust estate." Id. Newell's daughters, Katherine A. Newell and Elizabeth Ferris Newell, are named as beneficiaries of the trust.
 
 
 5
 On the next day, March 15, 1985, Newell executed a will which referred to Citizens Bank as trustee "under a Trust Agreement executed between me and Citizens Bank and Trust Company on the 14th day of March 1985...." J.A. 50. Citizens Bank is the only trustee mentioned in the will. The will also named Citizens Bank as co-executor along with Newell's wife.
 
 
 6
 Newell died on August 15, 1990, and his will was probated in McCracken County, Kentucky. On February 20, 1991, the McCracken District Court Probate Division accepted the resignation of Citizens Bank as executor and appointed defendant Dan Boaz as Administrator C.T.A. of the Estate. The order also appointed First Tennessee Bank National Association ("First Tennessee") as successor trustee under the inter vivos trust. Upon Newell's death, Provident paid the proceeds of its two insurance policies to Citizens which later paid over these proceeds to First Tennessee. Northwestern, however, declined to pay the proceeds of its policy to the trustee of the inter vivos trust.
 
 B.
 
 7
 Plaintiffs Katherine and Elizabeth Newell, both Tennessee residents, filed this declaratory judgment action for the use and benefit of First Tennessee on April 24, 1991, joining Northwestern and Boaz as defendants. Defendant Boaz counterclaimed seeking the proceeds of the insurance policies issued by both Northwestern and Provident. Thereafter, plaintiffs filed a motion for summary judgment, and defendant Boaz filed a cross-motion for summary judgment.
 
 
 8
 The district court granted plaintiffs' motion for summary judgment, denied defendant Boaz's cross-motion for summary judgment, and ordered that Northwestern pay the proceeds of the policy at issue to Citizens Bank. It entered judgment in favor of plaintiffs on April 1, 1992. On April 14, 1992, pursuant to plaintiffs' motion, the district court amended its judgment in order to direct that Northwestern pay the proceeds of the Northwestern policy to First Tennessee, thus reflecting the fact that First Tennessee is Citizens Bank's successor as trustee of the inter vivos trust. Defendant Boaz timely filed his notice of appeal on April 17, 1992, and the district court entered its amended judgment on April 23, 1992.[1]
 
 II.
 A.
 
 9
 We review a district court's grant of summary judgment de novo. See Brooks v. American Broadcasting Cos., Inc., 932 F.2d 495, 500 (6th Cir.1991). Under Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc., 862 F.2d 597, 601 (6th Cir.1988). The facts in this case as previously stated are not in dispute. Rather, it is the legal significance of these facts which is at issue.
 
 B.
 
 10
 The district court determined that when considering the "designation of beneficiary" provision, the inter vivos Trust Agreement, and the will as a whole, that Newell's intent was to designate Citizens Bank as the beneficiary under the Northwestern policy. The district court noted that the designation provision named the "Trustee under the Will" as beneficiary of the policy. The district court further noted that one day after the inter vivos trust was created and Citizens Bank was named as trustee, Newell executed his will and specifically referred to Citizens Bank in the will as trustee under the inter vivos trust. The district court concluded that Newell incorporated the trust agreement into the will thereby designating Citizens Bank (succeeded by First Tennessee) as trustee under the will and the beneficiary of the Northwestern policy.
 
 
 11
 The parties agree that Kentucky law governs. In addition, defendant Boaz concedes in his brief that "[a] disposition of the claim with respect to the Northwestern policy would dispose of the claim with respect to the Provident policies, inasmuch as the language in all policies is essentially the same." Defendant's Brief at 5. Therefore, as in the district court, the focus of our analysis will be on the Northwestern policy, and the resolution of claims relating to the Northwestern policy will be considered conclusive as to the claims involving the Provident policies.
 
 
 12
 Under Kentucky law, "the cardinal principle in construing a will is, of course, to determine the intention of the testator as gathered from the will in its entirety." Scheinman v. Marx, 437 S.W.2d 504, 507 (Ky.1969). Moreover, when construing a will, the court may consider the surrounding circumstances, environment, and situations under which the will was executed. Edmonson v. Wylie, 283 S.W.2d 371 (Ky.1955).
 
 
 13
 Defendant Boaz argues that the district court erred in determining that Citizens Bank was the trustee under Newell's will thereby designating it as beneficiary of the Northwestern policy as provided for by the designation of beneficiary provision. Specifically, defendant Boaz argues that the reference in Newell's will to the inter vivos trust agreement executed on March 14, 1985, did not designate the inter vivos trustee as the trustee under the will. He further argues that since there is no qualified trustee under the will, the estate is entitled to the insurance proceeds as provided for by the designation of beneficiary provision. Finally, defendant argues that to hold otherwise would be to allow Newell to change the beneficiary of his insurance policies using his will in derogation of Kentucky law.
 
 
 14
 The designation of beneficiary provision for the Northwestern policy provides that a trustee under Newell's will will be the beneficiary of the proceeds of the policy. Under Kentucky law, a document that is clearly and definitely described by a will is incorporated into the will. Daniel v. Tylers Ex'r, 178 S.W.2d 411, 413 (Ky.1943). One day before Newell executed his will, he established an inter vivos trust which named Citizens Bank as trustee. The trust agreement provides that the proceeds of the insurance policies will be included in the corpus of the trust's estate. On the very next day, decedent Newell executed a will that specifically refers to the inter vivos trust agreement executed the day before and refers to Citizens Bank as the trustee. Thus, Newell incorporated the trust agreement into his will. When considering the designation of beneficiary provision, the trust agreement, and the will as a whole, it is clear that Newell's intention was to designate Citizens Bank as the trustee under the will thereby making the trustee of the inter vivos trust the beneficiary of the Northwestern policy in order that the proceeds would enure to the benefit of his daughters rather than to his estate.
 
 
 15
 Furthermore, Newell did not improperly change the beneficiary of his insurance policies through the use of his will in derogation of Kentucky law. In Parks Ex'rs v. Parks, 156 S.W.2d 480 (Ky.1941), relied upon by defendant Boaz, the testator named a beneficiary of an insurance policy, and later, after changing his mind, attempted to name a new beneficiary via his will. No provision had been made in the policy to permit the beneficiary to be changed in this manner. The court stated that "in the absence of authority given in the policy or charter provision of the company issuing it, the insured cannot change the named beneficiary before or after his death...." Id. at 483. Parks is clearly distinguishable from the present situation. As the district court stated, "[t]his [case] is not a simple case of a last minute attempt by a testator to change the beneficiary designated under a life insurance policy." J.A. 32. Rather, from the time that Newell executed the designation provision, he contemplated that whomever was named as the trustee under his will at the time of his death would be the beneficiary of the policy. He accomplished this by naming Citizens Bank as successor to First National Bank of Jackson, Tennessee, as trustee under the will, an act anticipated and allowed by the designation provision.[2]
 
 
 16
 Defendant also relies on Quinlan's Adm'x v. Quinlan, 169 S.W.2d 617, 619 (Ky.1943), in which the court stated that a change of beneficiary in an insurance policy "may not be done by a will of the insured, which is the conclusion reached and adopted by us in the late case of Parks Ex'rs v. Parks et al...." However, this statement was dictum since the Quinlan court specifically noted that there was no attempt by the insured in Quinlan to change the beneficiary of his insurance policy via a testamentary disposition. Id. at 620.
 
 
 17
 In sum, we conclude that the district court did not err in granting plaintiffs' motion for summary judgment. In this connection, we have noted that Boaz concedes that resolution of the Northwestern policy claims is conclusive as to his claims involving the Provident policies.
 
 III.
 
 18
 For the reasons stated, the judgment of the district court is AFFIRMED.
 
 
 
 [1]
 Defendant Northwestern also counterclaimed and cross-claimed in this action. However, the district court granted Northwestern's motion for attorneys' fees and for dismissal, and there is no appeal from the district court's action in this regard. In addition, defendant's notice of appeal is timely even as to the amended judgment of April 23, 1992, because the notice of appeal was filed after the district court granted the motion to amend judgment and, therefore, is treated as if filed on the date of the entry of the amended judgment. FirsTier Mortgage Co. v. Investors Mortgage Ins. Co., 498 U.S. 269 (1991)
 
 
 [2]
 The holding in Parks is based on an interpretation of Section 655 of the Kentucky statutes which is no longer in effect, and defendant Boaz does not refer to any code section presently in effect to support his position. This fact alone is a sufficient basis upon which to distinguish Parks